FARMERS' LOAN & TRUST CO. v. McCLURE.

(Circuit Court of Appeals, Eighth Circuit. January 25, 1897.)

No. 786.

1. PARTIES TO APPEALS—REFUSAL TO JOIN.

All parties to the record who appear to have an interest in a decree or order challenged by appeal must be given an opportunity to be heard on such appeal, but when it appears by the record that one of several parties jointly interested in a proceeding has been notified in writing to appear, and has failed to do so, or, if appearing, has refused to join, or where it otherwise conclusively appears by the record that such a party has had knowledge of, and refused to join in an appeal, the appeal taken by another party alone may proceed without him.

2. ALLOWANCE OF APPEAL—MISTAKE.

When the circuit court has made an order allowing an appeal on behalf of a party upon an erroneous appearance of counsel or under a mistake of fact, it may and should, upon learning the truth, vacate such order.

Appeal from the Circuit Court of the United States for the Eastern District of Arkansas.

J. G. Taylor, for appellant.

John McClure, for appellee.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

SANBORN, Circuit Judge. On July 30, 1895, the Farmers' Loan & Trust Company, as trustee for the bondholders under a mortgage made by the Stuttgart & Arkansas River Railroad Company on March 1, 1890, filed a bill in the circuit court for the Eastern district of Arkansas to foreclose that mortgage. The only defendant in that suit was the railroad company. On August 20, 1895, on the motion of the trust company, a receiver of the mortgaged property was appointed. On October 12, 1895, John McClure, the appellee, filed a petition of intervention in that suit, in which he prayed that an allowance of $2,500 might be made to him as compensation for services as attorney for the complainant in the suit, and that $500 might be allowed to the estate of Amos C. Barstow. On January 7, 1896, the court decreed that the appellee should recover of the Stuttgart & Arkansas River Railroad Company $2,500 and his costs, that the estate of Amos C. Barstow should recover $250 from the railroad company, that these amounts constituted liens secured upon the mortgaged property superior to the lien of the mortgage debt, that the receiver should issue certificates to these two creditors for the amounts so found to be due to them, and that he should ultimately pay the certificates out of the proceeds of the sale of the mortgaged property before he paid the mortgage debt. On February 1, 1896, J. M. & J. G. Taylor, as attorneys of the Farmers' Loan & Trust Company, and as attorneys of the Stuttgart & Arkansas River Railroad Company, prayed and were allowed an appeal to this court from this decree. On April 11, 1896, the circuit court made the following order:

"Now on this day, a day of the October term, 1895, it being made to appear to the court that the defendant the Stuttgart & Arkansas River Railroad Company"

hath not prayed an appeal in this cause, and that said defendant never authorized J. M. & J. G. Taylor, as solicitors, to pray an appeal on its behalf, the order granting said appeal at the present term on the 1st day of February, 1896, is set aside, and held for naught, in so far as it grants an appeal to the Stuttgart & Arkansas River Railroad Company."

Upon this state of facts the appellee moved to dismiss the appeal in this case on the ground that the Stuttgart & Arkansas River Railroad Company is interested in the ruling and decree in issue, and is not before the court. The rule that all the parties to the record who appear to have an interest in the decree or order challenged must be given an opportunity to be heard on an appeal from it is too well settled to warrant discussion. The reasons for the rule are stated in Masterson v. Herndon, 10 Wall. 416, and in Hardee v. Wilson, 146 U. S. 179, 181, 13 Sup. Ct. 39. Two of them are: (1) "That the successful party may be at liberty to proceed in the enforcement of his judgment or decree against the parties who do not desire to have it reviewed;" and (2) "that the appellate tribunal shall not be required to decide a second or third time the same question on the same record." The fact that a mortgagor, who is a party to a record in a suit to foreclose his mortgage, is interested in every order or decree in such a suit which gives the claim of an intervener a priority over the mortgage, or a right to priority of payment out of the proceeds of the sale of the mortgaged property, seems obvious, because such an order or decree necessarily increases by the amount so paid the deficiency for which the mortgagor will remain personally liable after the sale of the property. This is clearly demonstrated in the opinion of Judge Shiras in Gray v. Havemeyer, 10 U. S. App. 456, 3 C. C. A. 497, and 53 Fed. 174, 178, and in Davis v. Trust Co., 152 U. S. 595, 14 Sup. Ct. 693. The Stuttgart & Arkansas River Railroad Company is personally liable for the mortgage debt under the bonds and mortgage in this suit. If the property mortgaged does not realize at the sale the necessary amount to pay the mortgage debt, the railroad company will remain indebted for the deficiency, which will doubtless ultimately be evidenced by a judgment against it. If the interlocutory decree, which allows and gives priority over the mortgage debt to the claims of the appellee and of the estate of Amos C. Barstow, is affirmed, the judgment against the railroad company for the deficiency will be at least $2,750 more than it will be if that decree is reversed. But the Stuttgart & Arkansas River Railroad Company is not a party to the appeal before this court. The attorneys who prayed an appeal on its behalf did so without authority, and the order of the court below, which set aside and vacated the order allowing the appeal on behalf of the Stuttgart & Arkansas River Railroad Company, dismissed that company from this proceeding. We have no doubt of the validity of that order. The power of the circuit court was ample to modify or vacate such an order when it had been induced by the erroneous appearance of counsel, and had been made by the court under a mistake of fact. When the truth came to the attention of the court, it was not only its province, but its duty, to correct the error, and make the

order which it would have made if it had known the facts. Fisher v. Simon, 32 U. S. App. 132, 14 C. C. A, 443, and 67 Fed. 387; Lincoln Nat. Bank v. Perry, 32 U. S. App. 15, 14 C. C. A. 273, and 66 Fed. 887; Ex parte Roberts, 15 Wall. 384.

But the Farmers' Loan & Trust Company had the right to appeal from the interlocutory decree, even if the Stuttgart & Arkansas River Railroad Company was unwilling to do so. The old remedy in such a case was by summons and severance. Where one of the parties jointly interested in a cause of action or proceeding refused to participate in the assertion of the joint rights of the parties, it was the practice for the other party to issue a writ of summons, by which the former was brought before the court, and, if he still refused to proceed, an order or judgment of severance was made, so that the latter could proceed alone. The effect of this judgment of severance was to bar him who refused to proceed from subsequently prosecuting the same right in another action or proceeding. This remedy was applied to writs of error. Brooke, Abr. 238, tit. "Summons and Severance"; 2 Rolle, Abr. 488, same title; Archb. Prac. C. P. 232; Tidd, Prac. 129, 1136, 1169; Masterson v. Herndon, 10 Wall. 416. Mr. Justice Miller, in delivering the opinion of the supreme court in the latter case, declared that this remedy had fallen into disuse in modern practice, and was unfamiliar to the profession. He said that the supreme court did not attach much importance to the technical mode of proceeding called "summons and severance," and that it would hold an appeal good if it appeared in any way by the record that the party who had refused to join in the appeal or writ of error had been notified in writing to appear, and had failed to appear, or, if appearing, had refused to join. He said that there should be a written notice and due service, or the record should show his appearance and refusal, and that the court on that ground granted an appeal to the party who prayed for it as to his own interest. It is plain that this is the practice which has been adopted by the supreme court of the United States, and it obviously ought to prevail in this court. The purpose of a summons and severance was to bar the party who refused to join or to take part in the appeal or writ of error from subsequently asserting his rights in another appeal or proceeding upon the same record. A notice to him to appear, and his refusal, or his refusal to proceed after he has appeared in the action, would undoubtedly be held by the supreme court, and must be by this court, to be a bar to subsequent proceedings on his behalf to assert the rights in which he is jointly interested. There was no formal notice to the Stuttgart & Arkansas River Railroad Company to appear in this case and take part in this appeal; but that railroad company did appear, and moved to set aside the appeal which had been allowed on its behalf. The order which it thus obtained, showing, as it does, the appearance of the railroad company in the court below to set aside the allowance of its appeal, shows as conclusively its knowledge of the appeal, and its refusal to join in or proceed with it, as a formal notice and flat refusal to proceed could have done. For this reason we think the appeal ought not

to be dismissed, and the motion to dismiss is denied. Upon the merits, the essential facts of this case are the same as in Farmers' Loan & Trust Co. v. McClure, 78 Fed. 209, and for the reasons stated in the opinion in that case, which is filed herewith, the decree below is affirmed, with costs.