### DODSON v. FLETCHER.

(Circuit Court of Appeals, Eighth Circuit. January 26, 1897.)

No. 827.

APPEAL—NECESSARY PARTIES—CITATION AND SEVERANCE.

All the parties to a suit or proceeding who appear from the record to have an interest in an order, judgment, or decree challenged in an appellate court must be given an opportunity to be heard there, before such court will proceed to a decision upon the merits of the case; and an appeal taken by one party only, without citation to or appearance by another party interested in the decree, will be dismissed.

Appeal from the Circuit Court of the United States for the Eastern District of Arkansas.

John Fletcher, for the motion.
J. D. Cook, opposed.

Before SANBORN and THAYER, Circuit Judges, and LOCHREN, District Judge.

SANBORN, Circuit Judge. On March 7, 1896, the Wear & Boogher Dry-Goods Company, a judgment creditor of the Southwestern Arkansas & Indian Territory Railroad Company, filed a bill in the circuit court for the Eastern district of Arkansas against the latter corporation for the appointment of a receiver of its property, and for authority to such receiver to proceed with the construction of its railroad. On March 27, 1896, John G. Fletcher, the trustee for the bondholders secured by a deed of trust made by the railroad company on April 10, 1894, filed an intervening petition in this suit, in which he prayed that the trust deed might be foreclosed, and that the property of the railroad company might be sold, and its proceeds applied to the payment of these bonds. On April 13, 1896, T. M. Dodson, the appellant, filed his petition in intervention in this suit, in which he alleged that on December 4, 1895, he made a contract with the railroad company for the construction of its railroad by means of which he acquired a lien for $12,054, which was still due to him upon his contract; and prayed that his lien might be declared to be superior to that of all the other parties in the suit. On April 30, 1896, Fletcher, the trustee for the bondholders, answered the petition of Dodson, denied the existence of his lien, and prayed that the lien of the trust deed might be found to be superior to that of all other parties to the suit. The question presented by the intervening petition of the appellant was heard upon the merits by the court below, and an inter-

locutory decree was entered, to the effect that he had a valid claim against the railroad company for $12,054.90, which should be paid out of the assets of the company as other claims of the same class were paid, but that he had no lien upon the property of that company superior to the lien of the trustee, Fletcher. From this decree Dodson appealed, and caused a citation to be issued against John G. Fletcher alone. Fletcher moves to dismiss this appeal upon the ground that neither the railroad company nor the judgment creditor has been cited to the hearing of this case. The appellant meets this motion with a voluntary appearance in this court of the railroad company and of the receiver who was appointed by the court below in the main suit, but no citation has been served upon the judgment creditor, the Wear & Boogher Dry-Goods Company, nor has that company appeared in this court.

All the parties to a suit or proceeding who appear from the record to have an interest in the order, judgment, or decree challenged in the appellate court must be given an opportunity to be heard there before that court will proceed to a decision upon the merits of the case. Masterson v. Herndon, 10 Wall. 416; Hardee v. Wilson, 146 U. S. 179, 181, 13 Sup. Ct. 39; Davis v. Trust Co., 152 U. S. 590, 14 Sup. Ct. 693; Gray v. Havemeyer, 10 U. S. App. 456, 3 C. C. A. 497, and 53 Fed. 174, 178; Farmers' Loan & Trust Co. v. McClure (decided by this court January 25, 1897) 78 Fed. 211. The reasons for this rule are that the successful party may be at liberty to enforce his judgment, decree, or order without delay against those parties who do not desire to have it reviewed, and that the appellate court may not be required to decide the same question more than once upon the same record. It is evident in this case that the Wear & Boogher Dry-Goods Company has a direct interest in the interlocutory decree which is here challenged. That decree, as it now stands, places the claim of the appellant upon a par with that of the dry-goods company, and adjudges that the two claims shall be paid pro rata from the proceeds of the property of the railroad company after the lien of the trust deed has been satisfied. If this court should reverse this decree, and enter one to the effect that the appellant has a lien upon the property of the railroad company paramount to that of the trustee for the bondholders, its effect would be to further postpone the claim of the dry-goods company to the payment of $12,-054.90, which now stands upon an equality with it. The dry-goods company was therefore a necessary party to this appeal, and, as it had no notice of its hearing, the appeal must be dismissed, with costs. It is so ordered.