GRAND ISLAND & W. C. R. CO. et al. v. SWEENEY et al. (four cases).

(Circuit Court of Appeals, Eighth Circuit. June 5, 1899.)

Nos. 1,212–1,215.

APPEAL—NECESSARY PARTIES.
　　Railroad subcontractors have an interest in a decree holding them liable jointly with the principal contractors and the railroad company for the purchase price of the materials supplied for their use in constructing the road, and establishing a lien on the road therefor; and an appeal from such decree cannot be entertained unless they are joined, or an order of severance obtained.

Appeal from the Circuit Court of the United States for the District of South Dakota.

N. K. Griggs, Henry Frawley, J. P. Laffey, and Charles F. Manderson, for appellants.

Charles W. Brown, Eben W. Martin, and Norman T. Mason, for appellees.

Before CALDWELL and THAYER, Circuit Judges.

PER CURIAM. These are suits which were brought by Thomas Sweeney, the appellee, to recover the value of certain blasting ma-

terials which were supplied by him to Chamberlain & Skinner, Carroll, Donoghue & Co., and to Nathan Westcott, who were, respectively, subcontractors under John Fitzgerald & Bro. for the construction of certain sections of the Grand Island & Wyoming Central Railroad Company, lying within the state of South Dakota. John Fitzgerald & Bro. were the original contractors with said railroad company for the construction of its entire line of road, and sublet portions of the work to the three parties above named, who are hereafter referred to as "subcontractors," and who, in turn, purchased from Thomas Sweeney, the complainant below, certain materials for blasting purposes, which were consumed in the construction of the several sections of the railroad which they had respectively contracted to construct. Under and by virtue of the laws of the state of South Dakota (Comp. Laws Dak. 1887, c. 31, § 5469), the complainant claimed to be entitled to a lien upon the railroad for the value of the materials which he had so supplied to said subcontractors. The present suits appear to have been brought to obtain a judgment against the several subcontractors to whom the materials were supplied, as well as a lien, to secure the payment of the judgment, against the property of the railway company. The decrees which were eventually rendered in the several cases in accordance with the prayer of the complaints ascertained and fixed the amount which was due to the complainant from the several subcontractors to whom the materials had been furnished, and adjudged that the amount so due be paid by the respective subcontractors and by the defendant railway company within 30 days thereafter, and that in default of such payment the property of the railway company to which the lien attached should be sold to satisfy the respective amounts so as aforesaid found to be due from the respective subcontractors to the complainant. From these decrees in the respective cases the defendant railway company and John Fitzgerald & Bro., the original contractors, have appealed, without joining the subcontractors as appellants, and without obtaining a judgment of severance against them, and without giving said subcontractors any notice whatsoever, so far as the record discloses, to appear and join in the appeals, or to refuse to so join. Upon the face of the record, the several subcontractors, to wit, Chamberlain & Skinner, Carroll, Donoghue & Co., and Nathan Westcott, have an interest in the decrees which are challenged by the respective appeals, and will be affected by a reversal of the same. The subcontractors, according to the provisions of the decrees, are jointly liable with the railway company for the sums therein found to be due and required to be paid. The decrees conclusively establish the amount of their indebtedness to the complainant, and further adjudge that they, as well as the railway company, shall pay the amount of such indebtedness to the complainant within a specified period. It is manifest, we think, that the subcontractors who have neither joined in the appeals, nor been requested or notified to join therein, have a direct interest in the question raised by the several appeals, namely, whether the railway company as well as the subcontractors shall be required to pay the several debts which have been ascertained to be due from

them to the complainant, or whether it shall be discharged from that obligation, leaving the subcontractors solely liable for such indebtedness. It cannot be said, we think, from an inspection of this record, that the subcontractors who have not been joined as appellants have no interest in the question whether the lien is upheld or denied. For these reasons, therefore (that is to say, because all persons who appear to have an interest in the decrees have not been made parties to the appeals, or been given notice to appear and join in the appeals, or otherwise defend their interest), the several appeals must be dismissed, on the strength of the following cases: Trust Co. v. Clark, 49 U. S. App. 571, 27 C. C. A. 522, and 83 Fed. 230; Trust Co. v. McClure, 49 U. S. App. 46, 24 C. C. A. 66, and 78 Fed. 211; Dodson v. Fletcher, 49 U. S. App. 61, 24 C. C. A. 69, and 78 Fed. 214; Masterson v. Herndon, 10 Wall. 416; Hardee v. Wilson, 146 U. S. 179, 181, 13 Sup. Ct. 39; Davis v. Trust Co., 152 U. S. 590, 14 Sup. Ct. 693; Gray v. Havemeyer, 10 U. S. App. 456, 3 C. C. A. 497, and 53 Fed. 174. It is so ordered.