GRAND ISLAND & W. C. R. CO. et al. v. SWEENEY (four cases).

(Circuit Court of Appeals, Eighth Circuit. June 25, 1900.)

Nos. 1,212, 1,213, 1,214, 1,215.

1. APPEAL—NECESSARY PARTIES—JURISDICTION.
    Under Sess. Laws S. D. 1893, c. 116, § 4, requiring plaintiff in an equity action for the foreclosure of a mechanic's lien to make all persons claiming liens against the same property parties, defendants to an action for the foreclosure of a mechanic's lien against certain sections of a railroad, who have filed claims for liens against the same property, which the complainant alleges are inferior to that of the plaintiff, and against whom it is decreed that they "be forever barred and foreclosed of all right, title, lien, and equity of redemption" in the property in question, have such an interest in the decree as requires their joinder in an appeal taken by the railroad company and contractors, or a showing of opportunity given to them to so join, although one of such defendants was served by publication only, and the other, though personally served, made default.

2. SAME—PARTIES—SEVERABLE CONTROVERSY.
    Whenever several parties are made defendants to a suit, and the decree as to any one of them is severable, or so separate and distinct as not to affect the rights of the other parties to the suit, such party may prosecute his appeal without joining others whose rights are not so affected.

3. SAME—JURISDICTION—PRACTICE—CIRCUIT COURT OF APPEALS.
    The practice of the circuit court of appeals is in accord with that of the supreme court in holding that in equity cases, unless all the parties whose interests are affected by the appeal join in the appeal, the appellate court acquires no jurisdiction, and the appeal must be dismissed.

Appeals from the Circuit Court of the United States for the District of South Dakota.

These four suits were instituted by the appellee, Sweeney, to foreclose four certain and different mechanics' liens for powder and explosives furnished by him to subcontractors for the construction of certain sections of the railroad of the appellant the Grand Island & Wyoming Central Railroad Company. The defendants in the first two cases, Nos. 1,212 and 1,213, are the railroad company whose property was alleged to be subject to the lien; John Fitzgerald and David Fitzgerald, co-partners under the firm name of John Fitzgerald & Bro., who were the original contractors for the construction of the road; John Chamberlain and Joseph W. Skinner, co-partners under the firm name of Chamberlain & Skinner, who were the subcontractors for the construction

of the particular part of the road for which appellee furnished supplies; and the Congdon & Henry Hardware Company, alleged in the bill of complaint to have, or to claim to have, an interest in or lien upon the property of the railroad company which complainant averred to be junior and inferior to his lien. The defendants in the next case, No. 1,214, and their relations to each other and to the complainant, are the same as those in the cases just mentioned, except that Nathan Wescott is the subcontractor, in lieu of Chamberlain & Skinner. The defendants in the last case, No. 1,215, and their relations to each other and to the complainant, are the same as those first mentioned, except that John Carroll and Samuel E. Donoghue, co-partners under the firm name of Carroll & Donoghue, are the subcontractors, instead of Chamberlain & Skinner. The railroad company and David and John Fitzgerald appeared and filed their joint answer to the bill of complaint in each case. The defendants Chamberlain & Skinner, being nonresidents, were duly served by publication in cases 1,212 and 1,213, entered no personal appearance to the suits, and suffered judgment by default. The defendant Wescott, being a nonresident, was duly served by publication in case No. 1,214, entered no personal appearance to that suit, and suffered judgment by default. The defendants Carroll & Donoghue were personally served with process in case No. 1,215, but suffered judgment by default. The defendant the Congdon & Henry Hardware Company was also personally served with process in each and all of the cases, but made no appearance to the suits, and suffered judgment by default. The final decrees in all the cases are similar. They first find the amount due from the subcontractors to the complainant in each case; then adjudge complainant's right to a lien upon the property of the railroad company; next order the subcontractors and the railroad company to pay the amount so found, together with all costs, to complainant, within 30 days, and, in case of default in making such payment, that the property of the railroad company should be sold in the usual manner, for the purpose of satisfying complainant's demand, and finally specifically order, adjudge, and decree that the defendants, including the subcontractors and the hardware company, "be forever barred and foreclosed of all right, title, lien, and equity of redemption in and to said premises and real property so sold, or any part thereof." The record shows that the subcontractors Chamberlain & Skinner had filed a lien upon the property involved in the cases in which they were defendants, namely, Nos. 1,212 and 1,213, amounting to $58,557.53; that the subcontractors Carroll & Donoghue had filed a lien upon the property involved in the case in which they were made defendants, amounting to $57,952.54; and that the defendant hardware company had filed a lien against the property involved in each and all of the cases. The appeals in these cases on the first hearing were dismissed by the court of its own motion, because it appeared that the subcontractors who were parties defendant had an interest in the decrees rendered by the trial court which might be affected by the action of this court on appeal, and because such subcontractors had neither joined, nor been given an opportunity to join, in the appeal. Railroad Co. v. Sweeney, 95 Fed. 396, 37 C. C. A. 127. Subsequently the court, in order to give counsel an opportunity to be fully heard, granted a rehearing, and afterwards motions were duly filed by the appellee to dismiss the appeals on two grounds: First, because the subcontractors were neither made parties to the appeal nor given notice to appear and join in the appeal; second, because the defendant hardware company was neither made a party to the appeal nor notified to appear and join in the same. These motions were argued by counsel in connection with their presentation of the case on the merits. If they are well taken, a consideration of the merits of the case is unnecessary.

N. K. Griggs (Frawley & Laffey and Charles F. Manderson, on the brief), for appellants.

Charles W. Brown (Eben W. Martin and Norman T. Mason, on the brief), for appellee.

Before CALDWELL and THAYER, Circuit Judges, and ADAMS, District Judge.

ADAMS, District Judge, after stating the case as above, delivered the opinion of the court.

It was held in the former opinion that upon the face of the record the several subcontractors had such an interest in the decrees as required their joinder in the appeals, or a showing of opportunity given them to so join. The correctness of this holding is challenged by learned counsel for the appellants, and attention is called, among other things, to the fact that service was made on the subcontractors by publication only, and that, as a consequence, no personal liability was or could have been decreed against them. This fact was not disclosed by the transcript of the record as originally printed, and was, therefore, overlooked. Be this, however, as it may, the obligations of the subcontractors to the complainant were necessarily involved in fixing the liens upon the railroad. No lien could have been established or decreed against the railroad without having first litigated the question as to the indebtedness of the subcontractors to the complainant, and it may be that the adjudication as to the amount due was conclusive, though the service was by publication. For the purpose of fixing the liens, at least, the subcontractors were necessarily made parties defendant in each case, and service by publication against them was sufficient for that purpose. But, irrespective of any consideration of the subcontractors' relation to the cases, the present motions to dismiss can be disposed of on another ground. The hardware company was made a defendant in each case, and is charged in the bill of complaint to have a lien which was junior and inferior to that of the complainants. The hardware company was a necessary party to the suits. The statutes of South Dakota in force at the time the suits were originally instituted in the state court required the complainant to make all persons claiming liens against the same property parties. Sess. Laws S. D. 1893, c. 116, § 4. This last-named company was personally served with process in each case. It had, like the subcontractors, filed mechanics' liens against the sections of the railroad involved in each case. By the final decree in each case it was forever barred and foreclosed of all right under its lien as against the complainant. This company did not join in the appeal in either of the cases, and no severance or equivalent in the form of notice to appear and join was resorted to by the appellants. The question, therefore, whether the court has jurisdiction to hear these appeals taken by the railroad company and Fitzgeralds without joining the hardware company, or showing reason for not doing so, is now clearly raised upon its merits.

It is first contended by counsel for appellants that, because judgment went by default against the hardware company, and because it thereby admitted that complainant was entitled to the remedy prayed for, it had nothing to complain of, and was not a necessary party to the appeals taken by the other defendants. This is not the law. The hardware company, whether it suffered default or not, was interested in the decrees as rendered, and had a right to prosecute appeals from such decrees, and, notwithstanding such default, it should have been made a party appellant, or should have been given an opportunity to become such. Mason v. U. S., 136 U. S. 581, 10 Sup. Ct. 1062, 34 L.

Ed. 545; Davis v. Trust Co., 152 U. S. 590, 14 Sup. Ct. 693, 38 L. Ed. 563; Trust Co. v. Clark, 83 Fed. 230, 27 C. C. A. 522. It is clear, we think, by the settled doctrine of this court, that these appeals should be dismissed because of the nonjoinder of the hardware com·pany. The earliest case on the subject is that of Gray v. Havemeyer, 53 Fed. 174, 3 C. C. A. 497. That case involved a similar question to the one now under consideration, namely, the relative priorities of the claims of mechanics' lien holders against a common fund or property. This court there aptly puts the question: "Upon what theory can it be held that this court ought to proceed to consider the correctness of the decree in the circuit court on the question of the relative priorities of the several lienholders when none of them save the appellant would be bound by any decree we might enter?" The general rule is there laid down that this court cannot proceed in a case unless all the parties whose interests will necessarily be affected by any decree that might be rendered are before the court. This rule is again clearly enunciated, and the doctrine of Gray v. Havemeyer is distinctly approved, in the following cases: Trust Co. v. McClure, 78 Fed. 211, 24 C. C. A. 66; Dodson v. Fletcher, 78 Fed. 214, 24 C. C. A. 69; Trust Co. v. Clark, 83 Fed. 230, 27 C. C. A. 522; and in Boyd v. Railroad Co., 84 Fed. 9, 28 C. C. A. 262. In Dodson v. Fletcher, supra, the rule is stated thus:

"All the parties to a suit or proceeding who appear from the record to have an interest in the order, judgment, or decree challenged in the appellate court must be given an opportunity to be heard there before that court will proceed to a decision upon the merits of the case."

In fact, it is not seriously urged in argument by learned counsel for the appellants that, under the established practice of this court any other course is now open but to dismiss these appeals; but they challenge the correctness of our practice, and strenuously contend that it is not in harmony with the settled doctrine of the supreme court on the subject. This contention has received the careful consideration which its gravity demands, and now requires at our hands an analytical consideration of the decisions of the supreme court on the subject. The cases specially relied on by appellants' counsel are Germain v. Mason, 12 Wall. 259, 20 L. Ed. 392; Brewster v. Wakefield, 22 How. 118, 16 L. Ed. 301; Bank v. Hunter, 129 U. S. 559, 9 Sup. Ct. 346, 32 L. Ed. 752; Gillfillan v. McKee, 159 U. S. 303, 16 Sup. Ct. 6, 40 L. Ed. 161.

The case of Germain v. Mason, supra, was an action at law, and went to the supreme court on writ of error. Without stating the facts of that case, it is sufficient to say that it clearly appears in the opinion that the judgment rendered against Germain was a "separate, distinct, personal judgment against him for money," and a judgment in which the other defendants had no interest. It was for these reasons the court held that Germain could prosecute a writ of error in his own name without joining the other defendants.

The next case—Brewster v. Wakefield, supra—was a suit instituted by Wakefield to foreclose a mortgage made by Brewster. The real question in the case related to the amount of money due by Brewster to Wakefield on a mortgage obligation. After disposing of

this question, the court takes up a motion of the appellee to dismiss the appeal. It appears from the opinion that other parties had acquired certain liens upon the mortgaged premises subsequent to the mortgage in question. The case does not disclose the character of the liens. The court held that the holders of the liens, whatever they were, were not necessary parties to the original foreclosure suit, and that their joinder in the appeal of Brewster was unnecessary. It appears from the opinion that the only question in controversy in that case was the amount of the debt due from Brewster, and it was held that his interest was so separate from the others as to entitle him to appeal without joining them.

In the next case—Bank v. Hunter, supra—it was urged that the appeal should be dismissed because the administratrix of John O'Neal had not joined in it. The conclusion reached and stated by the court is sufficient to distinguish that case from the case in hand. The court says:

"She [referring to the administratrix] did not appeal, and the bank and Dawson petitioned the court to be allowed an appeal as between themselves and Hunter, Evans, and Buel, the complainants, which was ordered by the court as to said two defendants, who perfected their appeal accordingly. This was proper, as with the matters complained of by the bank and Dawson O'Neal's estate had no concern. The total balance of the indebtedness due from that estate after all payments and money realized were applied would be the same, irrespective of the proportion of such balance found due to each of the two creditors. The decree was severable in fact and in law, and the bank and Dawson were entitled to prosecute their appeal without joining their co-defendants who did not think proper to question the judgment."

It thus appears that the supreme court sustained its jurisdiction in that case on the sole ground that the decree was severable, and involved no rights of the particular defendant whose nonjoinder was complained of. On the same ground and for the same reason the supreme court sustained its jurisdiction in the case of Gillfillan v. McKee, supra. It says:

"The objection that an appeal was not taken by the other defendants, that they did not join in the appeal, and that there was nothing in the nature of a summons and severance, is equally untenable. The decree was several, both in form and substance, and the interest represented by each defendant was separate and distinct from that of the other."

From these cases a general rule may be formulated that whenever several parties are made defendants to a suit, and the decree as to any one of them is severable, or so separate and distinct as not to affect the rights of the other parties to the suit, such party may prosecute his appeal without joining others whose rights are not so affected.

Do the cases before us fall within this rule? Clearly not. The hardware company, by the statutes of South Dakota, was a necessary party to the suits. No separable controversy is presented, but, as said by Sanborn, circuit judge, in ruling on a motion to remand this case (61 Fed. 3): "The complaint is single and indivisible. The respective interests of the plaintiff and the hardware company range them on opposite sides of the controversy involved in it. That controversy cannot be fully determined without the presence of both of them." The hardware company claimed liens upon the same property

against which complainant claimed superior liens. Its liens, shown in evidence, appear to have been filed prior in time to those of complainant. The decrees forever barred the hardware company from any lien as against the complainant, giving to the complainant superior liens, and for certain fixed and definite amounts. In so far as such decrees declare the hardware company's lien inferior to complainant, or bar the hardware company from any right, title, or lien as against the complainant, they, of course, affect the hardware company's rights; and, in so far as the decrees establish the amounts to which complainant was entitled as a prior lien, they thereby affect the extent of the hardware company's ultimate recourse against the property of the railroad company. For these reasons it cannot, in our opinion, be successfully claimed that complainant's rights against the railroad were separate and distinct from his rights against the hardware company, or severable from them, or that the rights of the hardware company were not affected by the decrees below, or might not be affected by any decree this court might render. Such being the facts, the cases specially relied on by the appellants' counsel, in our opinion, afford no justification for their contention. This conclusion is the more obvious when other cases of the supreme court on this subject are considered. In Masterson v. Herndon, 10 Wall. 416, 19 L. Ed. 953, Mr Justice Miller, speaking for the court, says it is the established doctrine of this court that "in chancery cases all the parties against whom a joint decree is rendered must join in the appeal or they will be dismissed." No one can question that the decrees in the cases under consideration were joint decrees against the hardware company, the railroad, and all the other defendants. Their language admits of no other construction. The defendants, all of them, and those claiming under them, were "forever barred and foreclosed of all right, title, lien, and equity of redemption in and to the said premises and real estate so sold or any part thereof." The same general rule as that announced in Masterson v. Herndon, supra, with the reasons for it, is again stated in Hardee v. Wilson, 146 U. S. 179, 13 Sup. Ct. 39, 36 L. Ed. 933. In the next case, chronologically speaking,—Inglehart v. Stansbury, 151 U. S. 68, 14 Sup. Ct. 237, 38 L. Ed. 76,—the court descends from the statement of the general rule, which it had in the last two cases announced, to particulars; and in that case declares that parties whose rights "were affected by the decree appealed from" are necessary parties to the appeal. This is practically a specification of what is meant by "joint" decrees as used in the former cases, as they are cited in support of the conclusion reached. In the next case—Davis v. Trust Co., 152 U. S. 590, 14 Sup. Ct. 693, 38 L. Ed. 563—there is a further particularizing of the general rule above stated. The court there says that among the ordinary rules respecting appeals is the following: "That all the parties to the record who appear to have any interest in the order or ruling challenged must be given an opportunity to be heard on such appeal," and the cases of Masterson v. Herndon, Hardee v. Wilson, and Inglehart v. Stansbury, supra, are cited as authority for the rule so announced. To the same effect are the subsequent cases of Sipperley v. Smith, 155 U. S. 86, 15 Sup. Ct. 15, 39 L. Ed. 79, and Beards-

ley v. Railway Co., 158 U. S. 123, 15 Sup. Ct. 786, 39 L. Ed. 919. The result is that there is perfect correspondence and harmony between the doctrines of the supreme court and this court on the subject in question. Both hold that in equity cases all the parties whose interests are affected by the appeal must join, or be given an opportunity to join, in the appeal, or the appellate court acquires no jurisdiction, and the appeal must be dismissed.

We have carefully considered all the propositions urged by counsel on these motions, and, if they are not now specifically referred to, it is because, in our opinion, they are necessarily involved in the conclusions as reached and stated. We have also considered with much care the questions relating to the merits as presented by the record, and, even if we were prepared to concede that any substantial error was committed at the trial below, we are of opinion that, for the reasons already stated, we are without jurisdiction to correct it. The motions to dismiss the appeals must be sustained.