MARVEL RARE METALS CO. v. GENERAL ELECTRIC CO. et al.

SAME v. DISTRICT JUDGES.

Nos. 6074, 6075.

Circuit Court of Appeals, Sixth Circuit.

March 11, 1932.

Harold Elno Smith, of Cleveland, Ohio, for appellant.

Watson, Bristol, Johnson & Leavenworth, of New York City, and Squire, Sanders & Dempsey, of Cleveland, Ohio, for appellee.

Before HICKS, HICKENLOOPER, and SIMONS, Circuit Judges.

PER CURIAM.

The General Electric Company and the Carboloy Company, Inc., having brought their bill against the Marvel Rare Metals Company and others for patent infringe-

ment, the defendants filed an answer and counterclaim, alleging in the counterclaim that complainants were infringing certain letters patent theretofore issued to, and then owned by, Charles L. Gebauer, one of the defendants, "subject only to an exclusive oral license from Charles L. Gebauer unto The Marvel Rare Metals Company, defendant, and The Ohio Instrument Manufacturing Company, defendant." On motion of the complainants, the court below dismissed the counterclaim as not germane to the cause of action set forth in the bill of complaint. The defendants appealed. Appellees move to dismiss the appeal.

In No. 6074 the situation is therefore identical with that confronting the court in Naivette, Inc., v. Philad Co. (C. C. A.) 54 F.(2d) 623, and no sound reason has been presented why the court should not follow the same course as was there pursued. The motion to dismiss is therefore denied, the order of the District Court dismissing the counterclaim is reversed, and said cause is remanded to permit all issues to be disposed of in the original proceeding. Compare Leman et al. v. Krentler-Arnold Hinge Last Co., 284 U. S. ——, 52 S. Ct. 238, 76 L. Ed. —— (decided Feb. 15, 1932).

No. 6075 is an application by the Marvel Rare Metals Company and its codefendants for a writ of prohibition to stay hearing upon the bill of complaint in the infringement action pending disposition by this court of the appeal therein (No. 6074). No action has been taken by the District Court since the filing of such petition for writ of prohibition, and, the court having now disposed of appeal No. 6074, and having remanded the cause for the purpose above set forth, the decision of the issues raised by the petition for writ of prohibition is unnecessary. The questions discussed having, in a very true sense, become moot, the petition is dismissed.

No. 6074, reversed and remanded.

No. 6075, dismissed.