## McLEAN v. JAFFRAY et al.
### No. 9864.

Circuit Court of Appeals, Eighth Circuit.
June 12, 1934.

Ernest A. Michel, of Minneapolis, Minn. (Tom Davis, of Minneapolis, Minn., on the brief), for appellant.

Henry C. Carlson, of Minneapolis, Minn. (Charles R. Fowler, John B. Faegre, Fowler, Carlson, Furber & Johnson, and Cobb, Hoke, Benson, Krause & Faegre, all of Minneapolis, Minn., on the brief), for appellees.

Before GARDNER, WOODROUGH, and VAN VALKENBURGH, Circuit Judges.

GARDNER, Circuit Judge.

Through proceedings not here material, appellees were appointed receivers of all the property and assets of the Minnesota & Ontario Paper Company, with authority to continue to conduct, manage, and operate the business and occupation of that company as a going concern. The Minnesota & Ontario Paper Company is the owner of large and

widely scattered property interests, and, at the time of going into receivership, it was pursuing many and varied occupations and activities. Among the properties owned by that company is the entire outstanding common stock of the Memphis Commercial Appeal, Inc., consisting of 15,000 shares without par value. This concern publishes a daily newspaper at Memphis, Tenn., and, by reason of the ownership of the stock, the property of that company was in effect the property of the Minnesota & Ontario Paper Company.

The receivers reported to the lower court that they had negotiated a sale of this property to the Tennessee company, a Delaware corporation, subject to authorization of the court, in the manner and upon the terms and conditions set out in a certain draft of contract dated May 24, 1933, a copy of which was attached to and made a part of the report. By the terms of this contract, the receivers undertook to procure an order of the United States District Court in said receivership proceedings authorizing them to sell 15,000 shares of stock in the manner and upon the terms and conditions set out in the contract, for the consideration of $300,000, payable $10,000 upon the execution and delivery of the agreement, $140,000 upon delivery of the stock certificates, together with a copy of the order approving the same, and certain other formalities, $50,000 on or before January 1, 1934, and $100,000 on or before July 1, 1934.

In the report of this sale the receivers stated that in their judgment the sale was in the best interests of the receivership estate and all parties interested therein, and they recommended to the court that by proper order it authorize and empower them to consummate the sale upon the terms set out in the agreement. They also asked that their acts in executing and delivering the contract "be in all things ratified, approved and confirmed." On presentation of this report, an order for hearing thereon was issued and notice given to the various interested parties.

The appellant, who is a creditor of the receivership estate, filed answer to the petition and report of the receivers, including therein objections to the confirmation of the sale. Objection was also filed by E. W. Backus, individually and as president of the Backus-Brooks Company and Kenora Development Company.

After full hearing, the court made its order of confirmation, and recited in said order that: "It is hereby ordered that said receiv-ers be and they hereby are authorized and empowered to sell the said 15,000 shares of stock in the Memphis Commercial Appeal, Inc., in the manner and upon the terms and conditions set forth in Exhibit 'A', attacked to the aforesaid petition, and *that their acts in executing and delivering said Exhibit 'A' be and the same hereby are in all things ratified, approved and confirmed.*" (Italics supplied.)

From this order appellant alone appeals, and on his appeal joins only the receivers as parties. The action of the court is challenged "for the reason that such sale is not advisable and against the best interests of the receivership estate and all the parties interested therein."

At the very threshold of our consideration, we are met by a motion of appellees for a dismissal of the appeal because of a fatal defect of parties. It is urged that other creditors, in addition to appellant, interposed objections to the approval of the sale negotiated by the receivers, and that the same testimony was offered in behalf of all the objectors. It is also urged in support of this motion that the purchaser, the Tennessee company, has not been made a party to this appeal.

In our view of the issues, it is only necessary to consider the omission of the purchaser of the stock, the Tennessee company, as a party to this appeal. It seems too plain for argument that this concern is a necessary party. It holds a contract for the purchase of this stock, ratified and approved by the order appealed from, and it has paid very substantial sums of money, pursuant to the terms of the contract and the order of the lower court. It is therefore vitally interested in the order appealed from. It is elementary that all persons who appear to have an interest in the judgment or order appealed from must either be made parties to the appeal or proceedings in summons and severance must be had. Grand Island & W. C. R. Co. v. Sweeney (C. C. A. 8) 95 F. 396; Grand Island & W. C. R. Co. v. Sweeney (C. C. A. 8) 103 F. 342; Taylor v. Logan Trust Co. (C. C. A. 8) 289 F. 51, 53; Kneeland v. American Loan & Trust Co., 136 U. S. 89, 10 S. Ct. 950, 34 L. Ed. 379; Davis v. Mercantile Trust Co., 152 U. S. 590, 14 S. Ct. 693, 695, 38 L. Ed. 563; Wilson v. Kiesel, 164 U. S. 248, 17 S. Ct. 124, 41 L. Ed. 422.

In Grand Island & W. C. R. Co. v. Sweeney, 103 F. 342, 345, this court dismissed an appeal from a decree foreclosing a mechanic's lien, because of nonjoinder of necessary parties. In the course of the opinion by Judge

Adams, which reviews many authorities, it is said: "The general rule is there laid down that this court cannot proceed in a case unless all the parties whose interests will necessarily be affected by any decree that might be rendered are before the court. This rule is again clearly enunciated, and the doctrine of Gray v. Havemeyer [(C. C. A.) 53 F. 174] is distinctly approved, in the following cases: Trust Co. v. McClure, 78 F. 211, 24 C. C. A. 66; Dodson v. Fletcher, 78 F. 214, 24 C. C. A. 69; Trust Co. v. Clark, 83 F. 230, 27 C. C. A. 522; and in Boyd v. Railroad Co., 84 F. 9, 28 C. C. A. 262. In Dodson v. Fletcher, supra, the rule is stated thus: 'All the parties to a suit or proceeding who appear from the record to have an interest in the order, judgment, or decree challenged in the appellate court must be given an opportunity to be heard there before that court will proceed to a decision upon the merits of the case.' "

In Taylor v. Logan Trust Co., supra, the opinion in which was written by Judge Booth, we dismissed the appeal because a purchaser at foreclosure sale had not been made a party to an appeal from the order of confirmation. In the course of the opinion it is said: "The purchaser at the foreclosure sale was a necessary party to any appeal which might imperil the validity of such sale. Appellants disclaim that there is any issue between them and the purchaser at the foreclosure sale; but the prayer of their petition containing their objections to the confirmation of the sale expressly contemplated the possibility of a new sale, either as to a part or the whole of the property. Clearly the purchaser had such an interest in the orders appealed from as entitled him to be made a party to the appeal."

In Kneeland v. American Loan & Trust Co., supra, it is held that a party bidding at a foreclosure sale thereby makes himself a party to the proceedings and subject to the jurisdiction of the court for all orders necessary to compel the perfecting of a purchase, and that such a purchaser has a right to be heard on all questions thereafter arising affecting his bid.

In Davis v. Mercantile Trust Co., supra, the Supreme Court reaffirmed the doctrine announced in Kneeland v. American Loan & Trust Co., and in the course of the opinion in that case it is said: "Who is more vitally interested in the question whether such sale and confirmation shall stand than these purchasers? If the sale be set aside, they lose the purchased premises, and all the profit which might result from their purchase, and assume all the risks and delay in recovering that which they have paid into court. In

Kneeland v. American Loan Co., 136 U. S. 89, 95, 10 S. Ct. 950 [34 L. Ed. 379], this court said that 'supported by sound reasons are the following propositions: First, a party bidding at a foreclosure sale makes himself, thereby, a party to the proceedings, and subject to the jurisdiction of the court, for all orders necessary to compel the perfecting of his purchase, and with a right to be heard on all questions thereafter arising, affecting his bid, which are not foreclosed by the terms of the decree of sale, or are expressly reserved to him by such decree.' "

It seems clear that on this record we are without jurisdiction to consider the merits of the contentions of the parties, and the appeal is therefore dismissed.