## PARTRIDGE v. CLARKSON et al.
### No. 9961.

Circuit Court of Appeals, Eighth Circuit.
July 18, 1934.

William M. Fitch and Staunton E. Boudreau, both of St. Louis, Mo. (George H. Moore and Max O'Rell Truitt, both of St. Louis, Mo., on the brief), for appellant.

Frank H. Sullivan, of St. Louis, Mo. (James C. Jones, Lon O. Hocker, and Frank Y. Gladney, all of St. Louis, Mo., on the brief), for appellees other than C. L. Harrison.

Sam B. Jeffries, Arthur E. Simpson, and Paul F. Plummer, all of St. Louis, Mo., for appellee C. L. Harrison.

Before GARDNER and SANBORN, Circuit Judges, and DEWEY, District Judge.

GARDNER, Circuit Judge.

This is a suit in equity brought by a bondholder-creditor of the St. Louis Joint Stock Land Bank on behalf of all creditors as a class, seeking to enforce against the appellees and others named as defendants their respective stockholder's liability as individual shareholders owning certain stock in the St. Louis Joint Stock Land Bank, and in addition seeking to enforce as against the appellees a joint liability as partnership owners on a block of 9,504 shares of such stock. The amended and supplemental bill, which comprises some 82 pages of the printed record, is so verbose and prolix as to make it difficult succinctly to state the various asserted grounds of liability urged. We are here directly interested only in one phase of the allegations of the bill.

The insolvency of the St. Louis Joint Stock Land Bank of St. Louis is alleged, and it is alleged that the "bill is exhibited for the purpose of enforcing the liability of defendant shareholders of defendant Joint Stock Land Banks as provided and limited by said Federal Farm Loan Act and for the other equitable relief to which the creditors of said defendant banks are entitled as herein shown." It is in effect alleged that while the St. Louis Joint Stock Land Bank was, with knowledge of the appellees and one Lewis T. Tune, insolvent, or approaching insolvency and in failing condition, they undertook to promote, incorporate, and organize the defendant Land Bank Securities Company under the laws of the state of Delaware, with the purpose of (1) securing to themselves the voting control of the defendant St. Louis Joint Stock Land Bank; and (2) escaping liability for any assessment which would be made against the shareholders of said Land Bank on account of their statutory liability; that the defendant Land Bank Securities Company, so organized by the appellees under the laws of the state of Delaware, has at all times retained its only place of business in the city of St. Louis, Mo.; that it did not qualify to do business in the state of Missouri; that the appellees and the said Lewis T. Tune transferred to said Delaware corporation their shares of stock in the St. Louis Joint Stock Land Bank for interim receipts issued in exchange therefor by said Delaware corporation; that the Delaware corporation was promoted, incorporated, and organized by said parties for the purpose of avoiding the laws of the state of Missouri, and in fraud upon the laws of both the state of Missouri and the state of Delaware, and in order to accomplish a fraud against the creditors of the St. Louis Joint Stock Land Bank. Paragraph 36 of the bill reads as follows: "And complainant shows to the Court that defendants W. Palmer Clarkson, E. D. Nims,

Rhodes E. Cave, Benjamin Lang, William H. Danforth, Leslie Dana, C. L. Harrison, Lewis T. Tune and all the other holders of interim receipts for shares of stock of defendant Land Bank Securities Company are liable to complainant and the other creditors of defendant St. Louis Joint Stock Land Bank and are obligated to pay to them the said sum of $950,000.00, and that complainant is entitled to the judgment of this Court against defendants W. Palmer Clarkson, E. D. Nims, Rhodes E. Cave, Benjamin Lang, William H. Danforth, Leslie Dana, C. L. Harrison, Lewis T. Tune jointly and severally for the said sum of $950,000.00 with interest."

Decree is demanded against all the shareholders of the St. Louis Joint Stock Land Bank, and as to the shares owned by the appellees, the prayer of the complaint is as follows: "(9) That the named defendants (the appellees herein and defendant Lewis T. Tune) * * as well as all the other shareholders of defendant St. Louis Joint Stock Land Bank who transferred their shares to defendant Land Bank Securities Company in exchange for interim receipts for shares of its stock be held liable and decreed to pay to complainant the amount of their statutory liability as shareholders of defendant St. Louis Joint Stock Land Bank."

Also: "(10) That defendants (the appellees herein and defendant Lewis T. Tune) * * * officers, directors and shareholders of defendant Land Bank Securities Company, be adjudged and decreed to pay to complainant severally and jointly the sum of $950,400.00, together with interest thereon from the 11th day of July, 1932."

The appellees interposed a motion "to dismiss so much of the amended and supplemental bill of complaint herein as seeks to hold these defendants, as incorporators, officers, and directors of the defendant Land Bank Securities Company, personally and jointly liable for the proposed and prayed for assessment upon the shares of St. Louis Joint Stock Land Bank alleged to be owned by said defendant Land Bank Securities Company for the reason that the said amended and supplemental bill of complaint states no facts justifying such relief."

Upon hearing this motion, the court entered its order sustaining the same as follows: "It is therefore now ordered, considered, adjudged and decreed that so much of said amended and supplemental bill of complaint as seeks an assessment against said defendants jointly (with Lewis T. Tune) on shares of stock in the St. Louis Joint Stock Land Bank standing in the name of Land Bank Securities Company, be and the same is hereby dismissed for want of equity; without prejudice, however, to the claim of the plaintiff to such an assessment against each of said defendants and other defendants in the cause, individually and severally, on account of any such shares in such Bank transferred by any such defendant to said Land Bank Securities Company."

The lower court expressed the view that the liability of the defendants was a contractual one based upon the act of Congress, and as such the appellees could not be held to a partnership liability, but if liable at all, each should "be held individually responsible, equally and ratably and not one for another * * * to the extent of the amount of the stock owned by them at the par value thereof in addition to the amount paid in and represented by their shares."

From the order so entered this appeal has been perfected. Of the twenty-five defendants, seven only have been made parties to this appeal. The defendant Lewis T. Tune, while named in the complaint as one of the defendants against whom a partnership or joint liability is asserted, is not made a party to the appeal.

■ Appellees have moved to dismiss the appeal on the ground that the order appealed from is not an appealable one.

As we construe the bill of complaint, plaintiff is seeking an assessment under the act of Congress against the shareholders and former shareholders of the St. Louis Joint Stock Land Bank. As to those shares which were transferred to the corporation called Land Bank Securities Company, plaintiff seeks a decree against the Land Bank Securities Company as one of the shareholders of the St. Louis Joint Stock Land Bank, a decree against each of the former shareholders who transferred his prior holdings to said Land Bank Securities Company, and a decree against the appellees as incorporators, officers, and directors of the Land Bank Securities Company on all of the shares in the bank owned by the Land Bank Securities Company, adjudging them jointly liable therefor as partners. The motion of the appellees challenged so much of the amended and supplemental bill of complaint as sought a decree against them jointly on account of the shares owned by the Land Bank Securities Company. This motion, as has

been observed, was sustained by the lower court, but the appellees were not dismissed from the case, and the order contains specific provision that it is "without prejudice, however, to the claim of the plaintiff to such an assessment against each of said defendants and other defendants in the cause, individually and severally, on account of any such shares in such Bank transferred by any such defendant to said Land Bank Securities Company." In other words, plaintiff may still assert his right to an assessment against each of the appellees on the stock which each has individually transferred to the Land Bank Securities Company.

The motion to dismiss a part of the bill is asserted under equity rule 29 (28 USCA § 723), which, among other things, provides that demurrers and pleas are abolished, but that "every defense in point of law arising upon the face of the bill * * * which might heretofore have been made by demurrer or plea, shall be made by motion to dismiss or in the answer; and every such point of law going to the whole or a material part of the cause or causes of action stated in the bill may be called up and disposed of before final hearing at the discretion of the court"; and further, that "If the defendant move to dismiss the bill, or any part thereof, the motion may be set down for hearing by either party upon five days notice, and if it be denied answer shall be filed within five days thereafter, or a decree pro confesso entered." The motion provided for by this rule supplants the demurrer under the former practice.

In the bill of complaint, plaintiff assumes inconsistent positions. He asserts that the defendant Land Bank Securities Company owns 9,504 shares of the capital stock of the St. Louis Joint Stock Land Bank, and asks an assessment against that concern as the owner of these shares. He also asserts that this corporation was fraudulently organized under the laws of Delaware, and not having complied with the laws of the state of Missouri, the transfers of these shares to it were void, and hence asks that the liability on the same shares be assessed against the former shareholders, the appellees herein. He also asserts that, the Delaware corporation not having qualified to do business in Missouri, those who have transacted its business should be treated as partners, and as the appellees were the officers and directors of that corporation, they should be treated as jointly owning the stock which the corporation acquired, and that

they should be held jointly liable for the assessment against the stock. Had no motion to dismiss been interposed, good practice would seem to have required that plaintiff either separately state the causes of action joined in the bill of complaint, or that he be put to an election as to whether he would treat the Land Bank Securities Company as the owner of the stock, or whether he would pursue the shareholders who transferred their stock and seek to assess them severally, or whether he would endeavor to pass over the corporate existence and treat the appellees as partners and assess them jointly. He might pursue any one of these courses, but manifestly, a decree allowing one of them would preclude relief on either of the other two theories advanced.

Under the former equity practice, a demurrer to a part of a bill for want of equity was a well-recognized remedy, and while equity rule 29 of the present Equity Rules abolishes demurrers and substitutes a motion to dismiss, it expressly provides for a motion to dismiss a part of the bill for want of equity, with provision that the court may take this motion as submitted with the case, or take it up and determine it in advance of the final hearing. In the instant case, the court, in the exercise of its discretion, took the motion up and determined it in advance. The order appealed from disposed of the alleged joint liability of the appellees to an assessment on the shares transferred to the Land Bank Securities Company, leaving every other issue for determination at the final hearing. The order does not dispose of the case, and it is, therefore, an interlocutory order. The only provision for an appeal from anything other than a final judgment or decree disposing of all the issues, is section 129 of the Judicial Code (title 28, § 227, U. S. C. [28 USCA § 227]), providing for an appeal from an order with respect to receivership or injunction. It is clear that the order appealed from has nothing to do with receivership or injunction, and hence this court is without jurisdiction, unless it is a final decree. United States v. Bighorn Sheep Co. (C. C. A. 8) 276 F. 710, 711; Carmichael v. City of Texarkana (C. C. A. 8) 116 F. 845, 846, 58 L. R. A. 911; Standley v. Roberts (C. C. A. 8) 59 F. 836; Collins v. Miller, 252 U. S. 364, 40 S. Ct. 347, 64 L. Ed. 616; General Electric Co. v. Marvel Rare Metals Co., 287 U. S. 430, 53 S. Ct. 202, 203, 77 L. Ed. 408; section 128, Judicial Code, title 28, § 225, U. S. C. (28 USCA § 225).

In Carmichael v. City of Texarkana, supra, in an opinion by the late Judge Sanborn, quoting from Standley v. Roberts, supra, it is said: " 'A case cannot be brought to this court piecemeal. An order, judgment, or decree which leaves the rights of the parties to the suit affected by it undetermined—one which does not substantially and completely determine the rights of the parties affected by it in that suit—is not reviewable here until a final decision is rendered, nor is an order retaining or dismissing parties defendant, who are charged to be jointly liable to the complainant in the suit, appealable.' "

In United States v. Bighorn Sheep Co., supra, the United States filed a bill to cancel 98 patents for public lands. The defendant filed a motion to dismiss portions of the bill on various grounds. The motion was sustained with respect to 34 out of 98 entries, and overruled as to the allegations relating to the other entries. In disposing of the appeal we said: "Under the statutes conferring jurisdiction upon the courts of appeal of the United States, an appeal can only be taken from a final decree, unless the acts of Congress have made exceptions. A decree is final when it terminates the litigation between the parties on the merits of the case, and leaves nothing to be done but to enforce by execution what has been determined. * * * A dismissal of one of several causes of action, or of portions of a petition at law, or of a bill in equity, but leaving a cause of action pending, is not a final judgment between these parties, from which the plaintiff can appeal. * * * The order of the court disposed of only a part of the issues involved between the plaintiff and the defendants who made the motion of dismissal, leaving a suit pending between them for the cancellation to other entries, and therefore was not a final decree."

In General Electric Co. v. Marvel Rare Metals Co., supra, the answer of the defendant, besides putting in issue the allegations of the complaint, set up a counterclaim against plaintiffs for the infringement of one of the patents alleged in plaintiff's complaint to have been infringed by defendant, and prayed an injunction against such infringement and an accounting. On motion of plaintiff, the counterclaim was dismissed, and an appeal was taken to the Circuit Court of Appeals, 56 F.(2d) 823, where the order was reversed and certiorari was granted to review the decision of the Circuit Court of Appeals (286 U. S. 541, 52 S.

Ct. 645, 76 L. Ed. 1279). In the course of the opinion, the Supreme Court said: "It is clear that in this suit the court in a single decree may finally determine the merits of the cause of action alleged in the complaint and the counterclaim set up in the answer. The order dismissing the counterclaim is interlocutory. Winters v. Ethell, 132 U. S. 207, 210, 10 S. Ct. 56, 33 L. Ed. 339; Ex parte South & N. A. Railroad Co., 95 U. S. 221, 225, 24 L. Ed. 355; Ayres v. Carver, 17 How. 591, 595, 15 L. Ed. 179. The general rule is that review of interlocutory orders must await appeal from the final decree. But in proceedings for injunctions and receivers exceptions have been made by section 129, Judicial Code."

We are of the view that the order appealed from is not a final decree, and that it should not be reviewed on separate appeal, thus presenting the case piecemeal.

There is a further ground why the appeal should be dismissed. The portions of the bill dismissed on motion of the appellees for want of equity asserted joint liability against the appellees and the defendant Lewis T. Tune. Tune is, therefore, interested in the order or decree appealed from, and it was necessary either to make him a party to the appeal or proceeding in summons and severance should have been had. Grand Island & W. C. R. Co. v. Sweeney (C. C. A. 8) 95 F. 396; Grand Island & W. C. R. Co. v. Sweeney (C. C. A. 8) 103 F. 342; Taylor v. Logan Trust Co. (C. C. A. 8) 289 F. 51; Kneeland v. American Loan & Trust Co., 136 U. S. 89, 10 S. Ct. 950, 34 L. Ed. 379; Davis v. Mercantile Trust Co., 152 U. S. 590, 14 S. Ct. 693, 38 L. Ed. 563; Wilson v. Kiesel, 164 U. S. 248, 17 S. Ct. 124, 41 L. Ed. 422; McLean v. Jaffray (C. C. A. 8) 71 F.(2d) 743. Appellant seeks to charge Tune with the appellees as jointly liable for an assessment on the stock transferred to the Land Bank Securities Company. The liability resulting from the alleged partnership ownership of this stock is a joint and several liability affecting Tune equally with the appellees.

In Grand Island & W. C. R. Co. v. Sweeney (C. C. A.) 95 F. 396, 397, suit was brought to obtain judgment against several subcontractors and for a lien to secure the payment of judgment. Decree was entered in accordance with the prayer of the plaintiff, fixing the amount due from several subcontractors and adjudging a lien against the property of the railway company to secure same. The defendant railway company and

the original contractors appealed without joining the subcontractors, and without obtaining a judgment of severance. In the course of the opinion it is said: "It is manifest, we think, that the subcontractors who have neither joined in the appeals, nor been requested or notified to join therein, have a direct interest in the question raised by the several appeals, namely, whether the railway company as well as the subcontractors shall be required to pay the several debts which have been ascertained to be due from them to the complainant, or whether it shall be discharged from that obligation, leaving the subcontractors solely liable for such indebtedness. It cannot be said, we think, from an inspection of this record, that the subcontractors who have not been joined as appellants have no interest in the question whether the lien is upheld or denied. For these reasons, therefore (that is to say, because all persons who appear to have an interest in the decrees have not been made parties to the appeals, or been given notice to appear and join in the appeals, or otherwise defend their interest), the several appeals must be dismissed, on the strength of the following cases."

On rehearing (Grand Island & W. C. R. Co. v. Sweeney [C. C. A.] 103 F. 342, 345) the matter was again considered by this court. It was among other things urged that the parties not joined had permitted default judgment to go against them in the lower court, and hence they were not necessary parties to the appeal. In the course of the opinion, in referring to Gray v. Havemeyer (C. C. A.) 53 F. 174, it is said: "That case involved a similar question to the one now under consideration, namely, the relative priorities of the claims of mechanics' lien holders against a common fund or property. This court there aptly puts the question: 'Upon what theory can it be held that this court ought to proceed to consider the correctness of the decree in the circuit court on the question of the relative priorities of the several lienholders when none of them save the appellant would be bound by any decree we might enter?' The general rule is there laid down that this court cannot proceed in a case unless all the parties whose interests will necessarily be affected by any decree that might be rendered are before the court."

In adhering to its former decision, the court said: "The result is that there is perfect correspondence and harmony between the doctrines of the supreme court and this court on the subject in question. Both hold that in equity cases all the parties whose interests are affected by the appeal must join, or be given an opportunity to join, in the appeal, or the appellate court acquires no jurisdiction, and the appeal must be dismissed."

In Taylor v. Logan Trust Company, supra, we dismissed the appeal because the purchaser at a foreclosure sale, though not a party to the suit, had not been made a party to the appeal, and in the very recent case of McLean v. Jaffray, supra, we dismissed the appeal because the purchaser at a receiver's sale had not been made a party to the appeal.

It follows that the appeal should be and is dismissed, and it is so ordered.