## SHARP v. HANEY (two cases).
### Nos. 10317, 10318.

Circuit Court of Appeals, Eighth Circuit.

May 31, 1935.

John R. Duty, of Rogers, Ark. (Thomas B. Pryor and Joseph M. Hill, both of Fort Smith, Ark., and Claude Duty and Jeff Duty, both of Rogers, Ark., on the brief), for appellant.

Harry P. Daily, of Fort Smith, Ark. (John P. Woods, of Fort Smith, Ark., and W. A. Dickson, of Bentonville, Ark., on the brief) for appellee.

Before GARDNER, SANBORN, and WOODROUGH, Circuit Judges.

PER CURIAM.

There are here two appeals, both taken from an order of the lower court, which confirmed an order of the referee in bankruptcy in the matter of the estate of W. E. Jackson, bankrupt. Following adjudication in bankruptcy, the trustee filed a petition before the referee attacking three separate mortgages covering real estate in possession of the bankrupt at the time of the filing of the petition in bankruptcy, on the ground that these mortgages were given within four months of the filing of the petition in bankruptcy and were, therefore, voidable preferences.

Citations issued to the mortgagees, commanding each to appear and show cause why the petition should not be granted. Each appeared and filed response, each setting up that the referee was without jurisdiction, and putting in issue the material allegations of the petition. On hearing, the referee found the issues in favor of the trustee in bankruptcy, adjudged the mortgages to be void, and directed the trustee to sell the real estate, free and clear of liens.

Petitions for review brought the matter before the lower court, where the matter was heard, resulting in the entry of a decree and order confirming the order of the referee and dismissing the petitions for review.

The mortgages referred to all covered the same property and chronologically were first, second, and third mortgages. Appeals were perfected by the owner of the first mortgage and the owner of the second mortgage, but the owners of the third mortgage have not prosecuted a separate appeal, nor joined in the appeals of the other mortgagees; neither were there proceedings by summons or severance.

Appellee moves to dismiss the appeals on the ground that there is a fatal defect in parties appellant. We think the matter

is governed by the following controlling decisions of the Supreme Court and this court: Hartford Accident, etc., Co. v. Bunn, 285 U. S. 169, 52 S. Ct. 354, 76 L. Ed. 685; McLean v. Jaffray et al. (C. C. A. 8) 71 F.(2d) 743; Partridge v. Clarkson (C. C. A. 8) 72 F.(2d) 108; Arkansas Anthracite Coal & Land Co. v. Stokes (C. C. A. 8) 2 F.(2d) 511; Grand Island & W. C. R. Co. v. Sweeney (C. C. A. 8) 103 F. 342; Grand Island & W. C. R. Co. v. Sweeney (C. C. A. 8) 95 F. 396.

The motions to dismiss are therefore sustained, and the appeals accordingly dismissed.