## In re MILLER.

### MILLER v. HATFIELD et al.
### No. 8059.

Circuit Court of Appeals, Sixth Circuit.
Feb. 13, 1939.

Elmer McClain, of Lima, Ohio (Elmer McClain, of Lima, Ohio, and Walter G. Rusher, of Columbus Grove, Ohio, on the brief), for appellant.

E. F. Weiser, of Ottawa, Ohio, and Kent W. Hughes, of Lima, Ohio, for appellees.

Before HICKS, SIMONS, and HAMILTON, Circuit Judges.

PER CURIAM.

This is an appeal from a decree of the District Court ordering a sale of the bankrupt's farm under Section 75(s) (3) of the Bankruptcy Act, 49 Stat. 942–945; 11 U.S.C.A. § 203(s) (3).

The property was purchased by Clayton C. Wehrly on February 19, 1938, for $7,300 cash. The proceeds of the sale were distributed to the creditors on March 14, 1938. The Conciliation Commissioner directed the trustee to convey the property to the purchaser March 8, 1938, and issued a writ of possession to him. The purchaser is not a party to this appeal.

■ Appellee has not questioned the jurisdiction of the Court because of a fatal defect of parties. It is the duty of the Court to inquire of its own jurisdiction and take notice of its absence. Higbee v. Chadwick, 6 Cir., 220 F. 873.

■ As a rule, unless sufficient cause is shown for the non-joinder of all parties interested in a decree sought to be reversed, the appeal will be dismissed. This rule is essential to the administration of justice, otherwise persons would be deprived of rights without an opportunity to be heard. Davis v. Mercantile Trust Company, 152 U.S. 590, 596, 14 S.Ct. 693, 38 L.Ed. 563; Taylor v. Logan Trust Co., 8 Cir., 289 F. 51; Kneeland v. American Loan & Trust Co., 136 U.S. 89, 104, 10 S.Ct. 950, 34 L.Ed. 379; McLean v. Jaffray, 8 Cir., 71 F.2d 743.

The appeal is dismissed.