## WILSON *v.* KIESEL.

APPEAL FROM THE SUPREME COURT OF THE TERRITORY OF UTAH.

No. 139.   Argued and submitted November 3, 1896. — Decided November 30, 1896.

The complaint in this case sought to compel a number of stockholders in a corporation severally to pay their respective alleged unpaid subscriptions to the capital stock of a corporation, the amounts to be applied in satisfaction of a judgment in plaintiff's favor. Among the stockholders so proceeded against were K., C. and A. As to them the allegations were that each subscribed for fifty shares of the corporation, of the par value of one hundred dollars each; and that each was liable for five thousand dollars, for which recovery was sought. *Held*, that the amount involved for each subscription did not reach the amount necessary to give this court jurisdiction; that the subscriptions could not be united for that purpose; and that even if they could, there having been a cross bill in the case, the judgment upon which must affect rights of parties not before the court, the court could not take jurisdiction.

MOTION to dismiss.

The case is stated in the opinion.

*Mr. Abbot R. Heywood* for the motion submitted on his brief.

*Mr. Ogden Hiles* opposing.

MR. CHIEF JUSTICE FULLER delivered the opinion of the court.

Wilson recovered judgment against the Ogden Power Company, a corporation organized under the laws of the Territory of Utah, for $22,405.16, on which an execution was issued and returned wholly unsatisfied, whereupon he filed a bill in the Fourth Judicial District Court for the Territory of Utah, County of Weber, against the company; and against Kiesel, Anderson and Carnahan, and many others, to compel them severally to pay their respective unpaid subscriptions to the capital stock of the corporation to be applied in satisfaction of the judgment. Defendants Kiesel, Carnahan and Anderson were charged with having each subscribed for fifty shares

of the par value of one hundred dollars each and with being each liable for five thousand dollars. They answered denying that there was anything due from them to the corporation, and alleging that each of them had paid in full and at par value the amount of the stock subscribed by him; and averring, among other things, that plaintiff was also a subscriber and had paid no part of his subscription; and that Wilson had long before sold and assigned the said judgment and now had no interest therein; and by way of cross complaint alleged that said judgment was entered by unauthorized consent and was fraudulent and void for various reasons set forth; that it had been sold and transferred to third parties; and that if the action of Wilson against the company had been tried, no greater sum than two thousand dollars would have been found due; to which cross complaint plaintiff filed an answer.

The record discloses that some twenty-two of the other defendants filed their several answers to the complaint, but does not contain those answers. The cause was referred to a special master to take testimony and report his findings thereon, and he subsequently filed a report containing twenty-one findings of fact, embracing a finding that defendants Kiesel, Carnahan and Anderson had paid their subscriptions to the capital stock in full, and to these the master added twenty-nine further findings, making fifty in all. As a conclusion of law the master recommended that the court find that plaintiff was entitled to a judgment for the sum of $16,500.52; that some thirty-two named defendants, not including Kiesel, Carnahan and Anderson, should be, respectively, ordered to pay their unpaid subscriptions in the amounts stated; and that said amounts should be applied in payment of the judgment and costs. A decree was thereupon rendered in favor of plaintiff, April 29, 1893, making the findings and conclusions of the master the findings and conclusions of the District Court, and awarding judgment against each of some thirty defendants for amounts stated severally and separately as to each; and in favor of some seven defendants under a stipulation that they had paid their

several subscriptions, and also in favor of defendants Kiesel, Carnahan and Anderson. Plaintiff moved for a new trial as to Kiesel, Carnahan and Anderson, which was denied, and he appealed to the Supreme Court of the Territory from the judgment in favor of Kiesel, Carnahan and Anderson and from the order overruling the motion for a new trial. The record does not contain the appeal of the other defendants from the judgment which had been rendered in favor of plaintiff and against them, but it appears from the opinion of the Supreme Court of the Territory that they did so appeal, and that all the contesting defendants were before that court.

On January 29, 1894, the judgment of the District Court on plaintiff's appeal was affirmed with costs. On the same day the opinion of the Supreme Court of the Territory was filed in the case, a copy of which was transmitted in accordance with our rule, is referred to by counsel for appellant as part of the record, and as such may serve to supply certain marked deficiencies otherwise existing therein. From this opinion it appears that plaintiff appealed from the judgment in favor of Kiesel, Carnahan and Anderson, and that twenty-four other defendants appealed from the judgment against them. The Supreme Court, after rehearsing the facts in the case, stated the question on plaintiff's appeal to be whether Kiesel, Carnahan and Anderson had paid their subscriptions to the capital stock of the company as contended on their behalf; and that the questions raised on the appeal of the other defendants were whether plaintiff while a delinquent subscriber himself could maintain this action in equity against other delinquent subscribers; whether the judgment at law in Wilson's favor was fraudulent and void ; and whether if the judgment was valid plaintiff could maintain an action on it as the real party in interest. The Supreme Court held that a delinquent subscriber could maintain the action but must contribute *pari passu* with the other subscribers to the payment of the amount due him; that the judgment was not conclusive on the subscribers, ought to have been reduced by a very large amount, and would have to be reversed in order to afford the subscribers the opportunity to test the validity of

Wilson's claim against the corporation; and that Wilson was not the real party in interest at the beginning of the action and could not maintain it in his own name, which latter conclusion called for the affirmance of the judgment in favor of Kiesel, Carnahan and Anderson, and the absolute reversal of the judgment against the other defendants and the remanding of the cause to the court below with directions to dismiss the action, it being, therefore, unnecessary to pass on the question as to whether or not Kiesel, Carnahan and Anderson had paid their subscriptions to the capital stock of the company.

While the judgment of affirmance appears in the record, the judgment of reversal with directions does not. From the judgment of affirmance, the plaintiff appealed to this court and gave bond running to Kiesel, Carnahan and Anderson, or either of them, and citation was issued to Kiesel, Carnahan and Anderson only.

It is evident from the foregoing statement that this appeal must be dismissed. The complaint alleged that Kiesel, Carnahan and Anderson each subscribed to fifty shares of the capital stock of the Ogden Power Company of the par value of one hundred dollars each, and that each was liable for five thousand dollars for which recovery was sought. This did not reach the jurisdictional amount. *Chapman* v. *Handley*, 151 U. S. 443.

It is true that these defendants contended that the amount due from each on their several subscriptions had been paid by a conveyance of land which was owned by them jointly, but the matter in dispute was the liability of each for five thousand dollars, and the fact that their several subscriptions may have been paid with joint property would not make the question of the liability of each a question of the liability of all, and they did not seek a recovery over. But it is said that the matter in dispute far exceeded the jurisdictional limit, because Kiesel, Carnahan and Anderson had filed a cross complaint seeking to set aside and cancel Wilson's judgment against the Ogden Power Company, which was a judgment for $22,405.16. This contention, however, only demonstrates that the appeal must be dismissed for want of proper parties,

as the other defendants were directly and vitally interested in the disposition of the cross complaint and necessary parties to the appeal. Not having been made such, and there being no summons and severance, or the equivalent, the appeal cannot be sustained. *Davis* v. *Mercantile Trust Co.,* 152 U. S. 590; *Hardee* v. *Wilson,* 146 U. S. 179.

Indeed this objection is fatal in any view, for while this record is manifestly inadequate and insufficient, it does appear and is conceded that the other defendants were before the Supreme Court of the Territory on their own appeal as well as Kiesel, Carnahan and Anderson on Wilson's appeal, and that the case was disposed of as to all of them on a ground common to all. We cannot be required to consider such a case by piecemeal, and if we were to take jurisdiction and determine the questions which have been argued at the bar, we should, in fact, be disposing of matters affecting parties not before us and who have been afforded no opportunity to be heard.

*Appeal dismissed.*