BLOOMINGDALE et al. v. WATSON et al.

(Circuit Court of Appeals, Fourth Circuit. February 3, 1904.)

No. 511.

1. APPEAL—PARTIES—DISMISSAL FOR NONJOINDER.

Creditors of an insolvent partnership, whose claims have been allowed in proceedings to wind up its business, are necessary parties to an appeal from an order of distribution made therein; and where, because of the failure of the appellant to have citation issue for them within the required time, the appeal, as to them, has become inoperative, and their dividends have been paid, they cannot thereafter be brought in, and the appeal will be dismissed.

2. JURISDICTION OF FEDERAL COURT—SUIT TO WIND UP PARTNERSHIP—CITIZENSHIP OF CREDITORS.

In a suit in a federal court to dissolve a partnership and distribute its assets, where the court had jurisdiction, and has taken possession of the property and sold the same, through a receiver, and brought in the creditors by order, the fact that one of such creditors was a citizen of the same state as the complainant does not affect its jurisdiction.

Appeal from the Circuit Court of the United States for the Northern District of West Virginia.

A. Leo Weil and B. M. Ambler, for the motion.
Daniel P. Hays and F. B. Enslow, opposed.

¶ 2. Diverse citizenship as ground of federal jurisdiction, see notes to Shipp v. Williams, 10 C. C. A. 249; Mason v. Dullagham, 27 C. C. A. 298.

Before SIMONTON, Circuit Judge, and BOYD and KELLER, District Judges.

PER CURIAM. A motion is made to dismiss the appeal in this case because a number of creditors whose claims have been allowed and paid, whose interest is affected by the decree of February, 1903, have not been cited to appear and answer the appeal. No appeal was allowed in open court. The citation the court issued in the case to Watson and his codefendant, Drey, was made returnable to the November term, 1903, of this court. No citation was issued to these parties, who are creditors, and the citation was not waived. The citation to the creditors not having been issued and served before the end of the next ensuing term of this court, the appeal, as to them, has become inoperative. Jacobs v. George, 150 U. S. 415, 14 Sup. Ct. 159, 37 L. Ed. 1127; Foster's Federal Practice, § 508.

These parties whose names have been omitted from the citation are creditors to whom, under the order of February —, 1903, money has been paid on claims which had been fixed and adjudicated by the decree of January 25, 1901. They were necessary and essential parties to the appeal from that order. Wilson v. Kiesel, 164 U. S. 248, 17 Sup. Ct. 124, 41 L. Ed. 422. Not having been included in the citation, and the appeal, as to them, having become inoperative, were we now to issue a citation and require them to come in, we would deprive them of rights which have been secured to them by reason of the inaction of the appellants.

It has been urged upon us by the appellants that an inspection of the record would show that the court below was without jurisdiction, because of the want of diversity of citizenship. The bill was filed originally to close up a copartnership, and to set aside an assignment for creditors alleged to be fraudulent and void. When the bill was filed the court certainly had jurisdiction. The prayer of the bill was granted to this extent: The copartnership was dissolved, a receiver was appointed, the property of the firm was sold, and its proceeds were held by the court. All the creditors were called in. Among these creditors was one, a citizen of the same state as Watson, complainant. This did not deprive the court of jurisdiction. Having taken possession of the res, and proceeding to administer the same, all that took place thereafter was in the nature of ancillary proceedings, in which neither the amount in controversy, nor the citizenship of the parties, could deprive the court of jurisdiction.

The motion to dismiss the appeal is granted.