**SEABOARD NAT. BANK v. ROGERS MILK PRODUCTS CO., Inc., et al.**

(Circuit Court of Appeals, Second Circuit. December 13, 1926.)

No. 49.

Appeal and error ⬥⟾327(10)—In creditors' bill, all distributees of proceeds of mortgaged property are necessary parties to mortgagee's appeal.

In creditors' bill, all distributees of proceeds of mortgaged property are necessary parties to an appeal by mortgagee, and are not sufficiently represented by receivers alone cited on the appeal.

Appeal from the District Court of the United States for the Southern District of New York.

Creditors' bill by the Seaboard National Bank against the Rogers Milk Products Company, Inc. From a decree distributing part of the proceeds of mortgaged property to certain persons, Edwin H. Spence, mortgagee, appeals. Appellant given leave to issue alias citation, bringing in necessary parties to appeal.

Appeal from an order in a creditors' bill filed against the defendant. The appeal is taken by the mortgagee of a mortgage to secure an issue of bonds; the order appealed from distributed a part of the proceeds resulting from the sale of the mortgaged property between certain third persons to the exclusion both of the appellant and the appellees, the receivers. The citation is not printed in the record, but an examination of the original in the office of the District Court shows that the receivers alone were cited upon the appeal.

A predecessor in interest, apparently a grantor, of the defendant, executed the mortgage to the appellant. The bonds secured by it were issued to the defendant upon payment of their face to the mortgagor, and the defendant later disposed of them to third parties, who now hold them. Apparently the defendant thereafter got a conveyance of the mortgaged property from the mortgagor, and later this bill was filed against it. The District Court, over the protest of the mortgagee, assumed power to sell the mortgaged property free and clear of the mortgage, the proceeds, however, to remain subject to the lien. No appeal was taken from that order. Later the District Court made certain allowances, which were in part at any rate paid out of the proceeds of the mortgaged property so sold. That order, also, was not appealed from.

The mortgagee then moved for an order directing the receivers to pay him the full amount of the proceeds of the sale, apparently ignoring the fact that it was no longer unimpaired. The state of New York filed a claim for the payment of certain franchise taxes levied against the defendant. The trustee in bankruptcy of the mortgagor moved for the payment to him of the proceeds. The receivers moved for leave to distribute out of what was then in their hands 4½ per cent. to each of the bondholders, and the remainder to their own attorneys.

The court distributed the fund as follows: (1) An allowance to the attorney for the trustee in bankruptcy of the mortgagor; (2) the franchise taxes due to the state of New York from the defendant; (3) a certain percentage upon their bonds to three bondholders, who had filed claims with the receivers; (4) the balance to the receivers' attorneys. This is the order appealed from.

Charles G. Hill, of New York City, for appellant.

McManus, Ernst & Ernst, of New York City, for appellees.

Before HOUGH, HAND, and MACK, Circuit Judges.

PER CURIAM. A reversal of the order would affect the rights of all the distributees under its terms. They are necessary parties to the appeal, and the receivers do not represent them. The appellant's fund was already depleted by the earlier order making allowances. It may be too late on this appeal to disturb those payments, but if the appellant means to press his assignment of error for failure to pay the whole proceeds to him, on the theory that the District Court had no jurisdiction to award allowances out of property which was never a part of the defendant's assets, the parties receiving such earlier allowances must also be cited herein.

We will give him leave to issue an alias citation. Knickerbocker, etc., Co. v. Pendleton, 115 U. S. 339, 6 S. Ct. 74, 29 L. Ed. 432; Browning v. Boswell, 209 F. 788 (C. C. A. 4). On the return of this citation the cause must be orally argued, and new briefs may be submitted.

We are entering an order herewith.