### SPEERS SAND & CLAY WORKS, Inc., et al. v. AMERICAN TRUST CO.

Circuit Court of Appeals, Fourth Circuit.
June 3, 1927.

No. 2615.

Appeal and error ⟐1180(2)—On reversal of order of foreclosure sale after decree of confirmation, order of confirmation will be also reversed.

Where, pending appeal from decree of sale in foreclosure proceedings, the sale was had and decree of confirmation entered, and thereafter the original order of sale was reversed and set aside for formal ascertainment of liens, the decree confirming the sale and order of confirmation will be reversed, though trial court was acting within its discretion in confirmation of sale, in absence of supersedeas.

Appeal from the District Court of the United States for the District of Maryland, at Baltimore; Morris A. Soper, Judge.

Suit by the American Trust Company against the Speers Sand & Clay Works, Incorporated, and another. From a decree confirming a sale of defendants' real estate in foreclosure proceedings, defendants appeal. Reversed.

See, also, 20 F.(2d) 333.

David Ash, of Baltimore, Md., for appellants.

Mary W. F. Speers, in pro. per.

Edward P. Keech, Jr., of Baltimore, Md., for appellee.

Before WADDILL, PARKER, and NORTHCOTT, Circuit Judges.

WADDILL, Circuit Judge. The sole question presented on this appeal is the propriety of the action of the court in confirm-

ing the sale of the appellant company's real estate covered by the mortgage sought to be foreclosed heretofore decreed to be sold in these proceedings pursuant to an order entered on the 4th of November, 1926. The decree of sale was appealed from, though no order of supersedeas was had, and subsequently, in the absence of such supersedeas, the sale was made, and the decree appealed from herein entered confirming the sale. No supersedeas was sued out when the latter appeal was taken.

The question to be decided is whether the decree of confirmation of sale appealed from shall be affirmed. Since the decree of confirmation was entered and the appeal therefrom taken, this court has acted upon the first appeal taken to the decree of sale, and rendered its decision reversing the order of sale, and setting the same aside, for reasons stated in writing. The court also held that, before proceeding with the sale and disposition of the property, under the peculiar facts and circumstances of this case, a formal ascertainment of liens should have been had. With this action taken on the original appeal, setting aside the order of sale under which the property was alleged to have been sold and purchased by a bondholder, the original complainant in this cause, it does not appear proper that the decree confirming the sale should stand (Cowdery v. London, etc., Bank, 96 Am. St. Rep. 124, 137, 140), and the order of confirmation is therefore also reversed.

The trial court was undoubtedly acting within its discretion in decreeing a sale of the mortgaged property in advance of ascertaining the liens thereon, as it was in the confirmation of the sale subsequently had, no supersedeas having been asked for or taken, either upon the appeal from the decree of sale or the decree of confirmation. While this is true, the circumstances of this case appear to be such that the wiser course, and indeed the only safe one, was to have first ascertained and determined in advance of sale just what the mortgage indebtedness was. We are entirely clear that, in the absence of such ascertainment of liens, it would be unwise to confirm the sale decreed by the court, and from which decree this appeal was taken; and we likewise concur in the action taken in the original cause appealed from, directing a sale of the mortgaged property under the peculiar facts of this litigation.

The decree appealed from will be reversed.

Reversed.