## SPEERS SAND & CLAY WORKS, Inc., v. AMERICAN TRUST CO.

Circuit Court of Appeals, Fourth Circuit. January 14, 1930.

No. 2869.

Mary W. F. Speers, for appellant.

E. P. Keech, Jr., of Baltimore, Md. (Keech, Deming & Carman, of Baltimore, Md., on the brief), for appellee.

Before WADDILL and PARKER, Circuit Judges, and McDOWELL, District Judge.

PER CURIAM. This is the second appeal in a suit for the foreclosure of a mortgage. On the first appeal, we held that the trustee had properly exercised its discretion in applying for foreclosure, but that, under the peculiar circumstances of the case, a decree was premature which ordered a sale in advance of the ascertainment of the indebtedness secured. The case was remanded with directions that the District Court ascertain what bonds were legally issued and outstanding, and this was the only question in the case left open for decision. Speers Sand & Clay Works v. American Trust Co. (C. C. A.) 20 F.(2d) 333, 336.

The court below has passed on the question for the settlement of which the case was remanded. Various bond claimants have intervened by filing their bonds with verified proofs of claim with the court; and evidence has been taken and their rights passed upon. Bonds to the amount of $368,400 claimed by George D. Pratt were held not to have been validly issued and not to constitute an indebtedness secured by the mortgage; and from this holding Pratt has not appealed. The court further held, however, that bonds of Pratt to the amount of $55,600 had been validly issued and were lawfully held by him, and that Marion W. Cottle, Frances Carduner, John E. Johnson, John Meigs, Chas. F. R. Ogilby, Richard W. McMahon, and the estate of Terence Farley

were the holders of bonds in various amounts which had been validly issued and were outstanding. While these holdings have been assigned as error, none of the persons whose rights under the mortgage have been thus adjudicated has been made a party to the proceedings on appeal. In such case it is clear that we have no power to review the decision of the court below in so far as it adjudicates their rights. Davis v. Mercantile Trust Co., 152 U. S. 590, 14 S. Ct. 693, 38 L. Ed. 563; Wilson v. Kiesel, 164 U. S. 248, 252, 17 S. Ct. 124, 41 L. Ed. 422; Bloomingdale v. Watson (C. C. A. 4th) 128 F. 268; Dodson v. Fletcher (C. C. A. 8th) 78 F. 214; Kidder v. Fidelity Ins. Trust & Safe Deposit Co. (C. C. A. 7th) 105 F. 821; Seaboard Nat. Bk. v. Rogers Milk Products Co. (C. C. A. 2nd) 16 F.(2d) 271; 2 R. C. L. 68; 3 C. J. 1014. A careful examination of the record convinces us, however, that the learned judge below committed no error in his rulings with regard to these matters.

By an amended and supplemental answer filed in the court below, appellant raised two additional points: (1) That the appellee had been removed as trustee under the mortgage; and (2) that appellee's attempt to foreclose was the outgrowth of a fraudulent conspiracy, entered into between appellee, Pratt, and others, for the purpose of enabling Pratt to acquire title to appellant's property. Both points are absolutely lacking in merit.

■ The contention as to the removal of the trustee is based upon a letter written by appellant to appellee on December 31, 1925, in which it was stated that appellant had received written authority from the holders of a majority of the stock of the corporation and a majority of its outstanding bonds for the removal of appellee as trustee under the mortgage. Although the letter did not so state, the evidence shows that it was based upon a resolution signed by Miss Mary W. F. Speers, claiming to be a holder of a majority of the stock and outstanding bonds of the corporation, in which the corporation was authorized to remove appellee from the position of trustee under the mortgage. This resolution was signed October 12, 1925, before the first decision was rendered in the court below. After the decision was announced, but before the signing of the decree, the letter in question was written. Thereafter appellant allowed the decree to be entered, took an appeal therefrom, and had same argued here without suggesting the removal of the trustee. No new trustee has

been elected up to this time, although the mortgage expressly provides that one shall be elected in case of removal. Under such circumstances, it would seem clear that any right to a removal of the trustee under the resolution and notice, if such right existed, has been waived.

It is not necessary, however, that we base our decision on this point on the matter of waiver, as we are satisfied that, under no aspect of the case, could what was done result in the removal of the trustee. The deed of trust provides for removal "by an instrument, or concurrent instruments in writing, signed by the holders of not less than a majority in amount of the bonds hereby secured and then outstanding, and signed also by the corporation." The instrument in writing here attempting the removal was signed by the corporation alone. The resolution signed by Miss Speers, claiming to be a majority bondholder, was not served upon the trustee. There is no proof, moreover, that Miss Speers was then the holder of a majority of the outstanding bonds. It is true that $500,000 of the bonds were originally issued to her; but it appears from the record that she has parted with many of them. Appellant failed to show how many she still held at the time of the notice or at the time of the trial below, although expressly called upon by the court for information on the latter point.

The trial judge found, and we agree with him, that there is nothing whatever in the record upon which to base a conclusion that the appellee was guilty of the fraudulent conspiracy alleged. He found, and the record supports the finding, that the course pursued by its officers and agents was only such as was demanded by their relationship to all the parties and by the duties and obligations which the corporation had assumed as trustee.

■ Appellant insists that there was error in not allowing it to file a cross-bill demanding damages on the ground of fraud against Pratt and others, as well as against appellee, in not entering a decree pro confesso against appellee on the cross-bill which it was allowed to file and in not transferring the issues raised by it to the law side of the docket for trial. These contentions are so lacking in merit as not to warrant discussion. It was not allowable that in this suit for foreclosure, instituted by the trustee in its fiduciary capacity, a cross-bill or counterclaim should be filed asking damages against it in its individual capacity for its alleged fraud-

ulent conduct; for under no possible theory could such cross-bill or counterclaim be held a "counterclaim arising out of the transaction which is the subject matter of the suit," or a "set off or counterclaim which might be the subject of an independent suit in equity," within any possible meaning which could be given to Rule 30 of the Federal Equity Rules (28 USCA § 723). See 24 R. C. L. 871. The learned trial-judge allowed the amended answer and cross-bill to be filed,' evidently for the bearing it might have upon appellee's right to proceed with the suit for foreclosure; but he was manifestly right in not allowing the other persons against whom fraud was alleged to be brought in and an issue of damages transferred to the law side of the docket for trial against them as well as against the trustee in its'individual capacity. So far as the demand against appellee for a decree pro confesso for failure to reply to the counterclaim of the amended answer is concerned, it is sufficient to say that no motion for such decree was made until after all the evidence in the case had been heard, and that the trial judge thereupon allowed a reply to be filed. This was a matter resting in his sound discretion; and there can be no question that same was properly exercised.

After a careful examination of the entire record, we are satisfied that no error prejudicial to appellant was committed by the learned judge who heard the case below, and his decree will accordingly be affirmed.

Affirmed.