AMERICAN TRUST CO. v. SPEERS SAND
& CLAY WORKS, Inc.

No. 864.

District Court, D. Maryland.

Aug. 5, 1932.

C. T. Reifsnider, of Baltimore, Md., for Maryland Casualty Co., exceptant.

John T. Tucker, of Keech, Deming, Carman & Tucker, of Baltimore, Md., for American Trust Co., trustee.

CHESNUT, District Judge.

The matter now before the court in this case arises on exceptions to the report of the special master (Frederick W. Brune) heretofore appointed "to ascertain the damages and costs, if any, payable by the Maryland Casualty Company as surety on the supersedeas bond filed in this Court, and to report to the Court thereon." The report was filed January 28, 1932, and notice thereof given to the parties in interest. The Maryland Casualty Company is the only exceptant to the report.

The supersedeas bond executed by the de-fendant as principal and the Maryland Casualty Company as surety was filed November 28, 1928, to stay execution of the decree of this court dated October 11, 1928, ordering a foreclosure sale under a mortgage deed of trust covering property in Anne Arundel county, Md., from the defendant to the American Trust Company as trustee. The consequence of giving the bond was to suspend the sale of the property pending the appeal. The decree was affirmed by the Circuit Court of Appeals January 14, 1930. See 37 F.(2d) 572. The property was thereafter sold on May 29, 1930, for $6,000; the sale was confirmed by the court over exceptions of the defendant, and on appeal the decree was affirmed. 52 F.(2d) 831. The condition of the bond was in the usual required statutory form to "prosecute its appeal to effect, and answer all damages and costs if it fail to make its plea good." U. S. C., title 28, § 869 (28 USCA § 869). The amount of the bond was $7,500.

The order of reference to the special master was obtained by the plaintiff trustee which, through its counsel, made claim for substantial damages and costs consisting of numerous items. The Maryland Casualty Company contended against liability for any damages or costs on numerous grounds, both substantial and formal. The report of the special master shows that he has very carefully considered each and all of the claims and contentions of the respective parties. He rejected all the formal and jurisdictional objections made by the surety and also rejected on the ground of lack of proof and for other reasons, much of the claims made by the plaintiff. After a very clear exposition of the several points, the special master reported that the bond was liable for the following items:

Costs in the Circuit Court of Appeals.

| | | |
|---|---|---|
| 1. Compensation of trustee's counsel | | $ 375.00 |
| 2. Printing briefs and motion (on behalf of trustee) | | 198.50 |

Just damages for delay.

| | | |
|---|---|---|
| 3. Interest on $15,500, from October 11, 1928, to January 14, 1930, at 6% ........ $1,170.03 | | |
| Less interest earned on deposit at 2½% ........ 410.87 | | $ 759.17 |
| 4. Premium on receiver's bond pending appeal | | 62.50 |
| 5. Taxes pending appeal | | 75.20 |
| | | $1,470.37 |
| Less set-off of costs allowed defendant on first two appeals | | 300.10 |
| Leaving a balance due of | | $1,170.27 |

To which should be added any sum deducted from the item of $300.10 as the costs of present proceeding (before special master)

■ The surety has filed exceptions to this report in which objection is made to the allowance of each and all of the above items with the exception of taxes pending appeal ($75.20). But the formal and jurisdictional objections are no longer pressed. It is clear that the court has the right to determine the amount due on the bond in this summary proceeding. Pease v. Rathbun-Jones Eng. Co., 243 U. S. 273, 37 S. Ct. 283, 61 L. Ed. 715, Ann. Cas. 1918C, 1147. Neither the plaintiff nor any other party in interest has filed exceptions to the report. The matter has been argued orally and counsel have submitted briefs and I have given the subject careful consideration as some of the points raised are novel.

■ Before passing on the allowance of the several items it will be well to state as briefly as possible the principles of law which have been established with regard to the liability of supersedeas bonds in federal appellate practice. The law on this subject is contained in (1) the act of Congress already referred to, United States Code, title 28, § 869 (28 USCA § 869); (2) rules of court; and ■ federal judicial decisions. The act of Congress, now title 28, section 869, of the Code (28 USCA § 869), was formerly section 1000 of the United States Revised Statutes. It was derived from the Original Judiciary Act of September 24, 1789, c. 20, § 22, 1 Stat. 84, with subsequent amendments. The substance of the original act of 1789 has not been changed by the later amendments so far as any point raised in this case is concerned. As contained in the original act the provision was as follows: "Every justice or judge signing a citation on any writ of error as aforesaid, shall take good and sufficient security, that the plaintiff in error shall prosecute * * * and answer all damages and costs if he fail to make his plea good" (1 Stat. 84).

Section 869 of title 28, which is the present statutory provision (as amended), now reads: "Bond in error and on appeal. Every justice or judge signing a citation on any writ of error, shall, except in cases brought up by the United States or by direction of any department of the Government, take good and sufficient security that the plaintiff in error or the appellant shall prosecute his writ or appeal to effect, and, if he fail to make his plea good, shall answer all damages and costs, where the writ is a supersedeas and stays execution, or all costs only where it is not a supersedeas as aforesaid."

It will be noted that the essential condition of the bond as provided for by the statute is in very general terms to "answer all damages and costs." This very general phrase has been given limitation and definition from time to time by the rule of the Supreme Court, applicable to appeals thereto, and by rule of the Circuit Court of Appeals for the several circuits, the latter in general following the Supreme Court rule. In this Fourth Circuit, the applicable rule is No. 13, which reads as follows: "1. Supersedeas bonds in the district court must be taken, with good and sufficient security, that the appellant or petitioner shall prosecute his appeal to effect, and answer all damages and costs, if he fail to make his plea good. Such indemnity, where the judgment or decree is for the recovery of money not otherwise secured, must be for the whole amount of the judgment or decree, including just damages for delay, and costs and interest on the appeal; but in all suits where the property in controversy necessarily follows the suit, as in real actions and replevin, and in suits on mortgages, or where the property is in the custody of the marshal under admiralty process, or where the proceeds thereof, or a bond for the value thereof, is in the custody of the court, indemnity in all such cases will be required only in an amount sufficient to secure the sum recovered for the use and detention of the property, and the cost of the suit and just damages for delay, and costs and interest on the appeal."

This rule is, in substance, the same as paragraph 2 of rule 36 of the United States Supreme Court, 28 USCA § 354 (formerly rule 29 of that court). The scope of liability under the bond is to be interpreted and applied in accordance with the provisions of the rule as the latter has itself been interpreted and applied by the Supreme Court.

It will be noted that the act itself as now in force provides for two classes of bonds: (1) A bond to cover "all damages and costs, where the writ is a supersedeas and stays execution"; and (2) "all costs only where it is not a supersedeas as aforesaid." The rule further classifies supersedeas bonds as (a) those "where the judgment or decree is for the recovery of money not otherwise secured," and (b) those "where the property in controversy necessarily follows * * * the suit" as "in suits on mortgages." It is obvious that we are dealing here with the latter class of supersedeas bond, where the "indemnity in all such cases is only required in an amount sufficient to secure the sum recovered for the use and detention of the property,

and the costs of the suit, and just damages for delay, and costs and interest on the appeal."

■■ The leading case in the Supreme Court determining the liability of a supersedeas bond given in this class of cases, that is, to stay a mortgage foreclosure sale, is Kountze v. Omaha Hotel Co., 107 U. S. 378, 2 S. Ct. 911, 27 L. Ed. 609. The principles there enunciated have apparently not been modified in any later case, although in Pease v. Rathbun-Jones Eng. Co., 243 U. S. 273, 37 S. Ct. 283, 61 L. Ed. 715, Ann. Cas. 1918C, 1147, it was indicated that there was some possible obscurity in the purpose of the rule as applied to the liability of a supersedeas bond in the case of secured judgments or decrees—with which, however, we are not here concerned. In the Kountze Case, after giving a very full historical review of the comparative law and practice in England existing in 1789 (the date of the passage of the Original Judiciary Act already referred to), and reviewing the changes which from time to time had been made in the relevant rule of the Supreme Court, and also reviewing the prior decisions of the court upon the whole subject, including the then existing rule 29 of the court (which is the same as the present rule No. 36), the court, by Mr. Justice Bradley, said at page 392 of 107 U. S., 2 S. Ct. 911, 923: "The only ground of recovery upon the bond could be, (1) the depreciation of the property in market value pending the appeal; or (2) its deterioration by waste, or want of repair, or the accumulation of taxes or other burdens; or (3) the use and detention of the property pending the appeal,—that is, the rents and profits; or (4) the non-payment of the costs of the appeal, which accrued in this court." It is to be noted from this comprehensive statement of the extent of liability of the bond that under the heading of "costs" it is only (a) the costs of the appeal which accrued in the appellate court that are covered, and (b) under damages, there may be recovered (1) depreciation of the property in market value pending the appeal (although the court later expressed doubt as to whether this could ever be recovered), (2) deterioration by waste or want of repair or accumulation of taxes *or other burdens*, or (3) the use and detention of the property pending the appeal, that is, the rents and profits. It will be noted that the court does not specifically refer to interest accruing during the appeal although this is mentioned in the rule of court. Later on at page 394 of 107 U. S., 2 S. Ct. 911,

925, it was said that the phrase in the rule "just damages for delay" refers to those damages arising from the delay occasioned by the proceedings in error or appeal, which are properly legal damage to the party delayed. Elsewhere in the opinion it is clearly decided that the bond does not cover interest accumulating on the mortgage debt as such, and that to the extent that interest at all is recoverable it must be limited to such interest as is included in damages due to delay. See, also, Jerome v. McCarter, 21 Wall. 17, 22 L. Ed. 515.

We come now to apply the principles announced in the Kountze Case to the allowances made by the special master, and it will be convenient to consider the several items in their numerical order.

■■ 1. *Compensation of trustee's counsel, $375.*—The special master arrived at that figure in the following way. The decree appealed from provided in paragraph 16 as follows: "That the defendant shall pay the costs of this proceeding, including the reasonable compensation and expenses, to be hereafter determined, of the trustee and its counsel, and the compensation of the receiver hereby appointed." And in paragraph 14, the decree further provided: "That the proceeds of the sale of the mortgaged property, together with all sums of money in the hands of Robertson Griswold, Esq., as such receiver, shall be applied and distributed as follows: 1. To the payment of the costs of this proceeding including the compensation and expenses of the trustee and the compensation of its counsel."

It appears that after the affirmance of the decree this court allowed a counsel fee of $750 to the trustee's counsel, which presumably included services both in the District Court and in the Circuit Court of Appeals but without division or allocation as between the two courts. The special master found, very properly I think, that the bond was not liable for compensation to the trustee or receiver, but put the absence of liability for these items claimed by the trustee on the ground that the receiver's services were rendered wholly in the lower court and that practically all the trustee's work had been performed in the District Court. Whether the reason for the rejection of these claims was too narrow, it is not necessary now to consider as there are no exceptions filed by the plaintiff trustee. As to counsel fee, the special master allocated one-half of the compensation of $750, to wit, $375, to the services of counsel in the Court of Appeals and

allowed that as costs on the appeal. The master very correctly said "the compensation of the trustee, its counsel and the receiver, are not items ordinarily included in the cost of the suit as between party and party." But the master further concluded that the effect of the decree in this case providing for the allowance of compensation of counsel and the payment thereof out of the fund arising from the sale, was a special taxation of costs not as between "party and party" but as between "solicitor and client." See Guardian Trust Co. v. Kansas City Southern Railway Co. (C. C. A. 8) 28 F.(2d) 233, reversed on appeal 281 U. S. 1, 50 S. Ct. 194, 74 L. Ed. 659.

I find myself unable to concur in the allowance of this item as a liability on the bond. It is clear from the Kountze Case that the costs for which the bond is liable are only the costs of the appeal. The decree appealed from of course did not and could not undertake to fix the costs of appeal. These are regulated under statutes and rules of the appellate court and it is not contended that the Circuit Court of Appeals in affirming this decree made any special taxation of allowance including this item. It seems quite clear to me that the costs referred to in the bond are the ordinary taxable court costs allowable to the successful party by the appellate court. It has been held that a bond for costs only (not a supersedeas bond) will cover costs in the lower as well as the appellate court (see Oehring v. Fox Typewriter Co. (C. C. A. 2) 266 F. 682, 12 A. L. R. 718), but we are not concerned with that situation here. The master in this case properly held that a supersedeas bond of this class (not given on appeal from a judgment or decree for a sum of money and costs) did not include costs in the lower court. It is said in Hughes Federal Practice, vol. 8, § 5536, that "attorney's fees and costs of briefs are not proper elements of damages sustained by an appellee under a supersedeas bond on an appeal from the state court to the Supreme Court of the United States," and this I think, is in accordance with the generally understood practice; nor can counsel fees be recovered in suit on an injunction bond given in the federal court. Tullock v. Mulvane, 184 U. S. 497, 22 S. Ct. 372, 46 L. Ed. 657. Counsel have not referred me to any case, either reported or unreported, in which an allowance of a counsel fee other than taxable attorneys' fees on appeal has been allowed against a supersedeas bond of this character. I have not been able to find any

such case reported, the special master has not cited any, and neither the clerk of the court, nor counsel, know of any case in this district in which such an allowance has been made. As there is no statute, rule of court or usage as a precedent for the allowance, I am of the opinion that it cannot be made.

There is, of course, no question here as to the validity or effect of the decree of the court; but the view taken by the master was that the decree made a special taxation of costs effective not only in the district court but also for the Circuit Court of Appeals, so far as the bond was concerned. This, I think, the decree did not and could not do. The form of the decree is not unusual or peculiar for this class of cases. Allowances to a trustee foreclosing a mortgage deed of trust for its compensation and that of its counsel, usually to be paid out of the fund arising from the sale, as in this case, are quite usual. See Guardian Trust Co. v. Kansas City Southern Railway Co. (C. C. A.) 28 F.(2d) 233, 244. Very generally mortgage deeds of trust expressly provide for such allowances.

2. *Printing briefs and motion.*—I am of the opinion that this item of allowance must be rejected. I understand the motion referred to was a motion filed by the appellee to dismiss the appeal. It was apparently either not pressed or overruled. If it was properly taxable in the Court of Appeals to the appellant, it would have been so taxed, but it appears that it was not. It is well understood that the cost of printing briefs in federal appellate practice, and particularly in this Court as well as in the Supreme Court of the United States, are not taxable costs. See rule 31 of the Circuit Court of Appeals of this circuit and Bailey v. Mississippi Home Tel. Co. (D. C.) 254 F. 358, for the interpretation of a similar rule in the Third Circuit.

3. *Interest on $15,500 pending the appeal.*—This item was allowed by the master as damages for delay. The explanation of the item is that under a prior decree for sale in this case, not stayed by supersedeas bond although an appeal was taken, the property was sold to one Pratt for $15,500 and the amount of the purchase price was paid by him to the receiver. On appeals from the decrees for sale and confirmation of the sale made, both were reversed. 20 F.(2d) 333; 20 F.(2d) 336. Thereafter it seems that Pratt did not petition the court for a return of the purchase price paid by him but was apparently willing to leave it on deposit with

the receiver who continued to hold it until the property was again sold on May 29, 1930. The decree of October 11, 1928, under which, after affirmance, the property was finally sold, directed that the amount refundable to Pratt should be paid out of the proceeds of sale together with moneys in the hands of the receiver, the sum to be paid to him being $15,500 "with interest at the rate of 6%" from the time of his payments to the receiver. The fund was on deposit in bank earning only 2½ per cent. interest. Pending the appeal the interest at 6 per cent. on this principal sum of $15,500 was calculated by the master to be $1,170.03, from which he deducted the interest earned on the deposit for the same period, to wit, $410.86, and allowed the balance, $759.17, as a liability of the bond. The claim on the bond as thus presented is undoubtedly unique. It would not seem to be within the principles of liability established in the Kountze Case. The special master analogized the situation to the accumulation of interest on an underlying mortgage. But I think the analogy fails because, even if it be assumed that such accumulation of interest on the underlying security would be a burden on the property and thus within the principles of the Kountze Case, nevertheless this $15,500 was not an obligation assumed by the mortgagor in this case nor for which the land was responsible by any act on its part. The fund was in the hands of the receiver by virtue of a sale subsequently determined on appeal to have been unauthorized. Furthermore, it does not appear that the appeal from the later decree for sale was itself necessarily responsible for the further accumulation of interest on this fund in the hands of the receiver because it would appear that Pratt, who was entitled to the fund, could have petitioned the court for its earlier return without waiting for the decision on appeal, or the plaintiff trustee might have petitioned the court to direct the receiver to return the fund or all thereof that was then available, and thus avoid the further accumulation of interest. Under these circumstances I am of the opinion that the accumulation of interest on this fund in the hands of the receiver is not within the liability of the bond.

But I think it does not follow that no allowance for interest can be made in this case. The effect of the appeal from the decree for sale was to delay the sale for a period of about fourteen months. If this delay had not been occasioned by the unsuccessful appeal, the plaintiff would presumably have received interest on the final purchase price of $6,000 for this period, or would have had the fund of $6,000 finally realized at the end of 14 months available for earning interest fourteen months earlier. See Jerome v. McCarter, 21 Wall. 17, 22 L. Ed. 515. A similar allowance for interest on the delayed receipt of the purchase price was made against the surety on supersedeas bond in a mortgage foreclosure sale in Graysonia-Nashville Lumber Co. v. Goldman (C. C. A. 8) 260 F. 600, 605. The allowance was made not for the accumulation of interest on the mortgage debt but as an item of damages for delay incident to the appeal. The court in that case considered such allowance within the principles laid down in the Kountze Case. Such an allowance is fair and reasonable, and within the scope of the applicable rule of court.

Therefore, in lieu of the net allowance of $759.17 made by the special master there should be allowed to the plaintiff against the surety, the allowance of interest at 6 per cent. on $6,000 from October 11, 1928, to January 14, 1930, to-wit, $455. Of course, on this basis, the credit of the interest earned on the $15,500 deposited in bank during the period is inapplicable and should not be deducted.

4. *Premium on receivers' bond pending the appeal, $62.50.*—The special master allowed this item as "another burden imposed by the delay." I have been referred to no precedent for an allowance of this nature as against a supersedeas bond. It is clearly not an item of costs in the Court of Appeals and indeed is not allowed on that basis by the master but as an element of damages for delay. In one sense no doubt this is true but on the whole it seems to me that this item was merely an incidental expense in the administration of the case as a whole. It was an expense of the receiver. Its allowance to him is apparently not covered by any statute or rule of court but similar allowances in the general cost accounting of the case have been allowed in some districts, including this district, by usage. See Newton v. Consolidated Gas Co. of New York, 265 U. S. 78, 44 S. Ct. 481, 68 L. Ed. 909. While the matter may not be entirely clear I am of the opinion that the amount cannot be justified under the principles of the Kountze Case.

5. *The item of taxes, $75.20, pending appeal.*—This item was allowed by the master and has not been excepted to.

The master allowed the surety a set-off of costs allowed to the defendant on the first two appeals above mentioned which had not

been otherwise paid by the plaintiff. As this set-off has not been excepted to by the plaintiff, I find no occasion to pass upon the propriety of the allowance. The surety supports it on the ground of the nonresidence of the plaintiff and as I understand it, the alleged insolvency of the defendant, referring to North Chicago Rolling-Mill Co. v. St. Louis Ore & Steel Co., 152 U. S. 596, 14 S. Ct. 710, 38 L. Ed. 565, and other cases to similar effect.

■■■ This disposes of the whole matter except for the disposition of the costs of the reference to the master as a special proceeding in the case. The allowance to the special master was $200 and so far as I know, was the only cost of this proceeding. Under all the circumstances of the case, which I think it unnecessary to enumerate in this connection, and as the allowance of costs is discretionary in this matter, it is my opinion that the cost of the special proceeding should be equally divided between the plaintiff and the surety.

It results from the aforegoing that the award against the surety in this case should consist of the following items:

1. Interest on $6,000 from October 11, 1928, to January 14, 1930, at 6%, to wit............. $455.00
2. Taxes pending the appeal.................. 75.20

$530.20

Less a set-off of costs allowed on the first two appeals................ $300.10
diminished by one-half of cost allowance for reference to the master 100.00 200.10

$330.10

Counsel may prepare an order in accordance with the views herein expressed.