PER CURIAM.

A final decree was entered in the District Court in favor of appellee upon its bill to enforce specific performance of a contract and for an accounting. Spurway, as receiver of the City National Bank, two other individuals, and two corporations were made parties defendant; and they were all substantially interested in and affected by the decree. The receiver alone has appealed, without joining in the appeal his codefendants, and without taking an order of summons and severance; and the time for doing either has long since expired.

On these grounds appellee moves to dismiss the appeal. Upon the authority of Hardee v. Wilson, 146 U. S. 179, 13 S. Ct. 39, 36 L. Ed. 933; Wilson v. Kiesel, 164 U. S. 248, 17 S. Ct. 124, 41 L. Ed. 422; Garcia v. Vela, 216 U. S. 598, 30 S. Ct. 439, 54 L. Ed. 632, and Hartford Accident & Ind. Co. v. Bunn, 285 U. S. 169, 52 S. Ct. 354, 76 L. Ed. 685, the motion to dismiss must be and is granted.

Accordingly, the appeal is dismissed.

## SPURWAY v. WALKER–SKAGSETH FOOD STORES, Inc.
### No. 7115.

Circuit Court of Appeals, Fifth Circuit.
Feb. 8, 1934.
Rehearing Denied March 2, 1934.

Charles R. Pierce, of Miami, Fla., for appellant.

Douglas D. Felix and Fred H. Kirtley, both of Miami, Fla., for appellee.

Before BRYAN, SIBLEY, and HUTCHESON, Circuit Judges.