## SPRUKS v. UNITED STATES FIDELITY & GUARANTY CO.

### No. 23 Civil.

District Court, M. D. Pennsylvania.

June 25, 1942.

Ralph W. Rymer and Ralph T. Lynch, both of Scranton, Pa., for plaintiff.

William J. Fitzgerald, of Scranton, Pa., for defendant.

JOHNSON, District Judge.

Now, this 25th day of June, 1942, upon due consideration of all the facts in the above entitled case, it is found as follows: A supersedeas bond was given in this Court in the sum of $5,000, on the 29th day of September, 1936, in the matter of the Northumberland Mining Company, Debtor, in the District Court of the United States, to No. 8880 in Bankruptcy, Robert L. Thomas the Philadelphia and Reading Coal and Iron Company and the Fulton Coal Company, as principals, and the United States Fidelity and Guaranty Company, as surety. The appeal was duly argued in the Circuit Court of Appeals on the 6th day of May 1937. The United States Circuit Court of Appeals Thomas v. Spruks, 3 Cir., 89 F.2d 998, affirmed the opinion of Albert L. Watson, United States District Judge, In re Northumberland Min. Co., D.C., 16 F.Supp. 63, in which Judge Watson directed the money paid into the Clerk of the Court's Office, be awarded to Charles Spruks in the sum of $64,080.53 less one percent clerk's commission for receiving and disbursing.

That by reason of the bond given by the defendant as surety, the plaintiff was prevented from recovering the money immediately, and therefore suffered damages by not having the use of $63,446.07 from the 31st day of August, 1936, to October 23, 1937, the date the plaintiff finally received the money from the Clerk of the Court's Office. The damages suffered amounted to the sum of $4,335.47.

The plaintiff claims the sum of $4,335.47 with interest thereon from October 23, 1937. This amount of money is claimed as damages for unlawful and unjust detention and as interest in lieu of damages for the time that he was prevented by reason of the said supersedeas bond, from collecting his money, by Order of the United States District Court on the 31st day of August, 1936.

There are three cases which sustain the position of the plaintiff: Graysonia-Nashville Lumber Co. v. Goldman, 8 Cir., 260 F. 600; American Trust Co. v. Speers Sand & Clay Works, Inc., D.C., 60 F.2d 994; Brame et al. v. Keystone Credit Corporation et al., 4 Cir., 76 F.2d 328.

In the case of the American Trust Co. v. Speers Sand & Clay Works, Inc., D.C., 60 F.2d 994, the Court held: "The Distirct

Court may determine the amount due on supersedeas bond, given to stay execution of decree pending appeal, in summary proceeding by appellee after affirmance of decree." It is my opinion this case controls the present lawsuit.

The case was tried on April 29, 1942 and practically all of the facts set forth in the plaintiff's statement of claim were admitted, to wit, Paragraphs 1, 2, 3, 4, 6, 7, 8, 10 and 12. Paragraphs 5, 9, and 11 of the plaintiff's statement of claim were denied.

After careful consideration of the evidence and of the briefs submitted on both sides, it is hereby ordered and directed that judgment be entered in favor of the plaintiff and against the defendant in the sum of $4,335.47 with interest thereon from October 23, 1937, amounting to the sum of $1,232.59, to wit, $5,568.06.