Stanley MOORE and Judith Moore, Plaintiffs,

v.

Mary Ryan TOWNSEND and Jane Melnick, Defendants.

Mary Ryan TOWNSEND, Cross-Plaintiff,

v.

Jane MELNICK, Cross-Defendant.

Mary Ryan TOWNSEND, Third-Party Plaintiff,

v.

JEAN SPENCER REAL ESTATE, INC., Third-Party Defendant.

No. 74 C 960.

United States District Court, N. D. Illinois, E. D.

Sept. 27, 1976.

F. Willis Caruso, Robert G. Schwemm, Chicago, Ill., for the Moore plaintiffs.

Frank O. Wetmore, II, Chicago, Ill., for Mary Ryan Townsend, defendant, cross-plaintiff and third party plaintiff.

Charles Barnhill, Jr., Chicago, Ill., for Jean Spencer Real Estate, Inc., third party defendant.

Theron J. Rathje, Robert F. Monaghan, Chicago, Ill., for Jane Melnick.

## MEMORANDUM ORDER

MARSHALL, District Judge.

This is the aftermath of our earlier decision in this fair housing action brought under the Civil Rights Act of 1968, 42 U.S.C. § 3601, et seq., and the Civil Rights Act of 1866, 42 U.S.C. § 1982, in which we ordered defendant Mary Ryan Townsend to convey residential real estate located at 2078 West Hopkins Place, Chicago, Illinois, to the plaintiffs Stanley and Judith Moore, at a price of $77,000. Mrs. Townsend obtained a supersedeas or stay of the decree posting a $25,000 undertaking secured by the subject real estate. Our decision was affirmed in all respects by the Court of Appeals, *Moore v. Townsend et al.*, 525 F.2d 482 (7th Cir. 1975). The action is again before us on plaintiffs' motion to assess damages caused by the delay in closing which was occasioned by the appeal and Mrs. Townsend's cross claim and third party action against Jane Melnick and Jean Spencer Real Estate, Inc., for damages allegedly suffered by Mrs. Townsend as a result of Mrs. Melnick's and Jean Spencer's breach of their fiduciary duties to Mrs. Townsend as her real estate agent or broker. The latter claims were severed for trial at the time of the original hearings pursuant to Rule 42(b), Fed.R. Civ.P. While jury demands had been made by various of the parties, they have all been withdrawn. This memorandum will stand as our findings of fact and conclusions of law pursuant to Rule 52(a), Fed.R.Civ.P.

### Plaintiffs' Claims for Damages

At the time of the entry of the original decree, Mr. and Mrs. Moore were residing in an apartment in Clarendon Hills, Illinois. For reasons which need not be recited here, they found the living conditions there intolerable and when Mrs. Townsend stayed the effective date of our injunction, they moved to a townhouse in Wheaton, Illinois, which they purchased. They seek to recover substantial costs and expenses which they incurred in that move. In our judgment, those costs and expenses are not recoverable.

The measure of damages occasioned by an unsuccessful appeal from an order granting a litigant possession of real property is the reasonable rental value of that property while possession is withheld under the supersedeas attending the appeal.[1] The effect of our earlier judgment, regardless of its substantive underpinnings, was to direct Mrs. Townsend to convey the subject property to the Moores at a specified price. In all essential respects, the decree was no different than one for specific performance of a real estate contract. Plaintiffs were then entitled to possession of the property. That possession had an economic value. That economic value was withheld pending the appeal. That is the measure of plaintiffs' damages. No evidence has been adduced with respect to the fair rental value of the subject property. Mrs. Townsend adduced considerable evidence with respect to the expenses she incurred in maintaining the property. We need not decide whether those would stand as a credit against or deduction from any amount the plaintiffs might be entitled to recover had they proved fair rental value. Their failure to do so precludes recovery on this element of their alleged damages.

We want to make clear that we do not reject the notion that their expenses might be compensable as damages under the Civil Rights Act of 1968 in addition to the equitable relief which they have sought and obtained. They have, however, withdrawn all claims for damages under the Act. Their claim here is limited to the damages

1. *Kountze v. Omaha Hotel Co.*, 107 U.S. 378, 2 S.Ct. 911, 27 L.Ed. 609 (1882); *American Trust Co. v. Speers Sand & Clay Works*, 60 F.2d 994 (D.Md.1932).

occasioned by the appeal and this opinion is limited in its rejection of their living expenses to that theory of their case.

■ Plaintiffs also claim that they are entitled to damages occasioned by an increase in the rate of interest they must pay on the mortgage loan they have now obtained to close the transaction as previously ordered by us. At the time of our earlier decree, they had arranged for a mortgage loan at Harris Trust & Savings Bank of Chicago in the amount of $50,000 for 25 years at a rate of 7¾%. Because of the appeal and delay in closing, they did not take down that proffered loan. Now the Harris Bank, because of the increase in interest rates generally, has charged them 9% interest. The evidence shows that the difference in gross interest which will be paid by the plaintiffs over the life of the mortgage will be $10,063.20. This amount they seek to recover.

Mrs. Townsend urges that this element of damage is speculative; that the likelihood that the Moores will remain in the subject premises for the life of the loan and thus pay the full amount of increased interest is highly unlikely. But the plaintiffs have committed themselves to a loan at the increased interest rate and if they elect to retain ownership of the property to which we have held they are entitled, they will be obliged to pay that increased interest rate. It does not lie with Mrs. Townsend to urge that that obligation is in reality a speculative one.

We do hold, however, that the gross amount of potential interest liability should be discounted to its present value. Currently the plaintiffs may conveniently invest any award of damages made in this regard at a rate of 6%. The present value factor for an investment of 6% for 25 years (which is the length of the loan) is .2329. Accordingly, the present value of $10,063.20 over 25 years at 6% interest is $2,343.72 and plaintiffs are entitled to recover that amount.

■ Apart from the living expenses attributable to their change in residence to Wheaton, plaintiffs claim that they are entitled to moving expenses. However, the move from Clarendon Hills to the subject residence would have been incurred by the plaintiffs had Mrs. Townsend sold them the subject residence irrespective of the litigation or immediately upon entry of the decree. Accordingly, that item is not recoverable. The expenses they incurred as a result of the interim move to Wheaton are as we have previously held not compensable.

■ Next plaintiffs assert that the delay in closing occasioned by the appeal caused them to lose their eligibility for so-called "rollover" deferment of the capital gain they realized on the sale of their home in Silver Springs, Maryland, on April 17, 1974 under Section 1304 of the Internal Revenue of 1954. They and their accountant, Mr. Hochfelder, assert that their Silver Springs gain had to be invested in a residence within a year of the Silver Springs closing. The tax attributable to that gain was in excess of $4,500.

We do not believe this is a compensable item of damage. In the first place, the tax liability of which plaintiffs complain is merely deferred, not avoided, under Section 1304. Secondly, plaintiffs did not seek any extension of time for rollover treatment which might have been available to them under the special circumstances which confronted them. Indeed, the plaintiffs did not timely file their 1974 return.

■ Finally, the Moores complain of the condition of the subject property as it has now been conveyed to them. While they have not been specific in this regard, their position appears to be that Mrs. Townsend permitted the property to fall into a state of disrepair. There is, however, substantial evidence from Mrs. Townsend in specific amounts and for specific purposes which shows that she did properly maintain the property. In contrast, plaintiffs' proof is vague and undocumented. In this state of the record, the plaintiff has failed to prove any compensable damages in this regard.

In summary then, judgment will enter for the plaintiffs, Stanley Moore and Judith

Moore, and against the defendant, Mary Ryan Townsend, in the amount of $2,343.72 as damages occasioned by the appeal from the earlier decree of this court.

### Mrs. Townsend's Claims Against Mrs. Melnick and Jean Spencer Real Estate, Inc.

The essence of Mrs. Townsend's cross complaint and third party complaint against Mrs. Melnick and Jean Spencer is that they, not she, violated plaintiffs' civil rights while they were in a vicarious and fiduciary relationship with Mrs. Townsend all to the end that she was obliged to defend this action and thereby incur necessary and reasonable attorneys' fees in excess of $33,000, and convey the subject real estate to the Moores for $77,000, a price far beneath its fair cash market value which is asserted to have been $95,000 as of the date of the transaction in question. For these amounts Mrs. Townsend seeks indemnity from Mrs. Melnick and Jean Spencer.[2]

At the time of the preliminary injunction proceedings in this court, we first announced orally that plaintiffs were entitled to preliminary injunctive relief irrespective of whether Mrs. Townsend had accepted the Moores' written offer to purchase the subject property for $77,000. We also stated that we wished to defer decision on that question until the case was tried on the merits, if it ever was tried on the merits. Counsel for Mrs. Townsend pressed for an immediate decision as to whether the offer had been accepted. Accordingly, we stated that if we were then called upon to decide that issue, we would find that the offer made by the Moores had been accepted and we would reject the testimony of Mrs. Townsend and Mrs. Melnick to the contrary.

The case did proceed to trial on the merits and we did decide that issue adverse to Mrs. Townsend. On appeal, the Court of Appeals affirmed stating, "Although there was sufficient evidence for the District Judge to have found the existence of a contract, it matters not whether there was a specific contract or not; otherwise the very purpose of the Act would be completely frustrated." 525 F.2d at 485.

██ Mrs. Townsend now urges that she is not estopped to litigate the question whether she had accepted the Moores' offer because our finding adverse to her on that issue was not necessary to our earlier decree and the Court of Appeals affirmance. We have concluded, however, that she, having insisted on the adjudication of the issue, now must live with it. Indeed, that is the purpose of permitting cross claims and third-party complaints under Rules 13(g) and 14 of the Federal Rules of Civil Procedure. All claims are adjudicated in one action, avoiding the anomaly and frequent injustice which can attend separate adjudications.

It follows that if Mrs. Townsend is now precluded from litigating the question of her acceptance of the Moores' offer, she is also precluded from seeking indemnity from Mrs. Melnick and Jean Spencer.

Were she not precluded, however, the evidence does not warrant a finding in her favor on either of her elements of damage.

There is evidence that at about the same time the Moores' offer of $77,000 was submitted, a second offer of $80,000 was submitted from a Mr. Irby. During these supplemental proceedings, Mrs. Townsend called a Dr. Jennings who now resides in the home immediately adjacent to the subject property. He testified that in March or April 1975 he was interested in making an offer for the subject property in the range of $80,000 to $90,000. He refrained from doing so because of the litigation. Finally, there has been submitted a written appraisal of the subject property by Scribner & Co. placing its fair market value at $95,000 as of May 6, 1974. Accompanying the appraisal are six so-called comparable transactions, one at $55,000, two at $65,000, one at $67,500, one at $75,000 and a final one at $89,500.

---

2. Mrs. Townsend does not seek indemnity for the liability she has incurred to the Moores as a result of her appeal.

When all of this evidence is considered together, we cannot find that the fair market value of the subject property exceeded $80,000 as of the time of the transaction in question.

■ Mrs. Townsend has now sold the subject property to the Moores for $77,000 without the payment of the then prevailing 6% real estate agent's commission. In all of the circumstances of this case, Mrs. Melnick and Jean Spencer Real Estate, Inc. are not entitled to a fee. But had the house been sold without the taint that attended it at a price of $80,000 Mrs. Townsend would have been obliged to pay a fee of $4,800. As a consequence, insofar as the net selling price is concerned, she has realized more in this transaction than she would have by a sale at what we have found was the fair market value of the property. Accordingly, she has not been damaged in this regard and is not entitled to recover.[3]

■ Insofar as Mrs. Townsend's attorneys' fees are concerned, the evidence does not sustain the finding that they are reasonable or that they were necessary. Accepting the evidence in the light most favorable to Mrs. Townsend, her agent, Mrs. Melnick, openly admitted deception and the employment of a racial ploy in her negotiations with the Moores. There was no dispute as to those facts and, as we held at the conclusion of the initial hearings seeking preliminary relief in this case, those facts standing alone entitled the Moores to recover. Mrs. Townsend elected to litigate and delay and appeal and litigate some more. In these circumstances, we cannot hold that the amount of time devoted to what has been a frivolous defense of this action is compensable. We find that the fees for which she is allegedly responsible were neither reasonably incurred nor necessarily incurred, and, accordingly, we deny Mrs. Townsend relief in respect to them.

A judgment will enter dismissing Mary Ryan Townsend's cross complaint against Jane Melnick and her third-party complaint against Jean Spencer Realty, Inc.

*The Melnick Note*

■ There is one final item. At the time of their offer, the Moores gave Mrs. Melnick a promissory note payable to her, in the amount of $3,000 as earnest money on their offer. We are advised that the conveyance of the subject real estate has now been fully consummated with the payment by the Moores of $77,000, less appropriate prorations. Mrs. Melnick is not entitled to any compensation from the Moores, and Mrs. Townsend is not entitled to any greater amount than has already been paid for the subject real estate. Accordingly, an order will enter directing Jane Melnick to surrender to the Moores their promissory note in the amount of $3,000 for cancellation.

Judgment will enter in accord with the foregoing.

---

3. Of course under the doctrine of collateral estoppel Mrs. Townsend is precluded from relitigating our earlier finding, affirmed by the Court of Appeals, that the fair market value of the subject property was $77,000.